■ NYACK HOSPITAL, as Assignee of STACEY GERSTEN, Appellant, v ENCOMPASS INSURANCE COMPANY, Respondent. [806 NYS2d 643]—

In an action to recover no-fault benefits under an insurance contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCarty, J.), dated March 30, 2005, which denied its motion for summary judgment on its claim for statutory interest and an award of an attorney's fee, and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The plaintiff, Nyack Hospital (hereinafter the hospital), as assignee of Stacey Gersten, made a prima facie showing of entitlement to judgment as a matter of law on its claim for statutory interest and an attorney's fee, by submitting evidentiary proof that the prescribed statutory billing forms were mailed and received, and that payment of no-fault benefits was overdue when made (see *Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co.,* 16 AD3d 564 [2005], *lv denied* 5 NY3d 713 [2005]).

The defendant, Encompass Insurance Company (hereinafter the insurance company), waived any defense based on the lack of a valid assignment by the claimant to the hospital, by failing to timely object to the completeness of the forms or seek verifica-

tion of the assignment (*see Hospital for Joint Diseases v Allstate Ins. Co.*, 21 AD3d 348 [2005]; *Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co., supra; New York & Presbyt. Hosp. v American Tr. Ins. Co.*, 287 AD2d 699 [2001]). Moreover, the two letters from the insurance company to the hospital, dated May 28, 2004, and June 23, 2004, respectively, stating that the claimant's hospital records had been received but that payment was delayed pending completion of the insurance company's investigation, did not toll the 30-day statutory period for paying or denying the claim (*see Mount Sinai Hosp. v Triboro Coach*, 263 AD2d 11 [1999]; *Ocean Diagnostic Imaging P.C. v Citiwide Auto Leasing Inc.*, 8 Misc 3d 138[A], 2005 NY Slip Op 51314 [U] [2005]; *Melbourne Med., P.C. v Utica Mut. Ins. Co.*, 4 Misc 3d 92 [2004]).

We reject the insurance company's argument that it was entitled to delay payment while awaiting a no-fault application to be submitted, as 11 NYCRR 65.15 (d) (6) specifically states that "[i]n lieu of a prescribed application for motor vehicle no-fault benefits submitted by an applicant and a verification of hospital treatment (NYS Form N-F 4), an insurer *shall* accept a completed hospital facility form (NYS Form N-F 5) . . . submitted by a provider of health services with respect to the claim of such provider" (emphasis added).

Therefore, since the hospital established that the insurance company's payment of the no-fault billing was overdue, and the insurance company did not raise a triable issue of fact, the hospital was entitled to summary judgment on its claim for statutory interest and an attorney's fee. Accordingly, we remit the matter to the Supreme Court, Nassau County, to calculate the amount due the hospital. H. Miller, J.P., Luciano, Fisher and Covello, JJ., concur.