■ WESTCHESTER MEDICAL CENTER, as Assignee of BARTOLO REYES, Appellant, v LINCOLN GENERAL INSURANCE COMPANY, Respondent. [877 NYS2d 340]—

In an action to recover no-fault medical benefits under an insurance contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Martin, J.), dated October 14, 2008, which denied its motion for summary judgment on the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

The plaintiff made a prima facie showing that it was entitled to judgment as a matter of law on its complaint to recover no-fault medical payments by submitting evidence that the prescribed statutory billing forms had been mailed and received,

and that the defendant had failed to either pay or deny the claim within the requisite 30-day period (see Insurance Law § 5106 [a]; 11 NYCRR 65-3.5; *Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co.*, 9 NY3d 312, 317-318 [2007]; *New York & Presbyt. Hosp. v Allstate Ins. Co.*, 31 AD3d 512, 513 [2006]; *Nyack Hosp. v General Motors Acceptance Corp.*, 27 AD3d 96, 100 [2005]; *New York & Presbyt. Hosp. v AIU Ins. Co.*, 20 AD3d 515, 516 [2005]; *New York & Presbyt. Hosp. v Progressive Cas. Ins. Co.*, 5 AD3d 568, 570 [2004]). In opposition, the defendant failed to raise a triable issue of fact.

Contrary to the defendant's contention, the two letters it sent to the plaintiff on March 31, 2008, and April 30, 2008, respectively, advising the plaintiff that the processing of its claim was being held pending an investigation of the loss, which included verifying the claimant's involvement in the motor vehicle accident and conducting examinations under oath of any individuals with personal knowledge of the facts, did not serve to toll the 30-day statutory period (see 11 NYCRR 65-3.5 [a]; *Nyack Hosp. v Encompass Ins. Co.*, 23 AD3d 535, 536 [2005]; *Mount Sinai Hosp. v Triboro Coach*, 263 AD2d 11, 17 [1999]; see also *Ocean Diagnostic Imaging P.C. v Citiwide Auto Leasing, Inc.*, 8 Misc 3d 138[A], 2005 NY Slip Op 51314[U] [2005]; *Melbourne Med., P.C. v Utica Mut. Ins. Co.*, 4 Misc 3d 92 [2004]). We also reject the defendant's contention that the 30-day statutory period was tolled pending the defendant's submission of a no-fault application, as 11 NYCRR 65-3.5 (g) specifically requires an insurer to accept a completed hospital facility form (NYS Form N-F 5), as was submitted here, "[i]n lieu of a prescribed application for motor vehicle no-fault benefits" (see *Nyack Hosp. v Encompass Ins. Co.*, 23 AD3d at 536).

The defendant also failed to raise a triable issue of fact, solely based on the hearsay statement of its investigator, as to whether the accident was covered by Workers' Compensation benefits. Moreover, the defendant's possible entitlement to offset any no-fault benefits it pays by any recovery pursuant to a Workers' Compensation claim does not constitute a defense of lack of coverage, which is not subject to the requirement that there be timely service of the disclaimer (see 11 NYCRR 65-3.5 [a]; *Fair Price Med. Supply Corp. v Travelers Indem. Co.*, 10 NY3d 556, 563 [2008]; *Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co.*, 9 NY3d 312, 318 [2007]; cf. *Central Gen. Hosp. v Chubb Group of Ins. Cos.*, 90 NY2d 195 [1997] [question of fact as to whether injuries were sustained in a *separate*, work-related accident]). Where, as here, the defendant's denial of liability also was based upon an alleged breach of a policy condition, to wit,

the failure of the plaintiff's assignor to appear at an examination under oath, such an alleged breach does not serve to vitiate the medical provider's right to recover no fault benefits or to toll the 30-day statutory period (*see Mount Sinai Hosp. v Triboro Coach*, 263 AD2d 11, 17 [1999]). Rather, such denial was subject to the preclusion remedy (*see Central Gen. Hosp. v Chubb Group of Ins. Cos.*, 90 NY2d at 199; *Zappone v Home Ins. Co.*, 55 NY2d 131, 136-137 [1982]; *cf. Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.*, 90 NY2d 274, 279-280 [1997]). Skelos, J.P., Fisher, Santucci and Balkin, JJ., concur.