■ NYU-HOSPITAL FOR JOINT DISEASES, as Assignee of Francisco Romero, et al., Appellants-Respondents, v AMERICAN INTERNATIONAL GROUP, INC., Respondent-Appellant. [923 NYS2d 353]—

In an action to recover no-fault medical payments under insurance contracts, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), entered March 30, 2010, as denied that branch of their motion which was for summary judgment on the third cause of action, and the defendant cross-appeals from so much of the same order as denied its cross motion for summary judgment dismissing the third cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiffs' motion which was for summary judgment on the third cause of action and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs.

The plaintiffs made a prima facie showing that the plaintiff Westchester Medical Center (hereinafter the hospital) was entitled to judgment as a matter of law on the third cause of ac-

tion to recover no-fault insurance medical payments by submitting evidence that the prescribed statutory billing form had been mailed and received by the defendant insurer, which failed to either pay or deny the claim within the requisite 30-day period (*see* Insurance Law § 5106 [a]; 11 NYCRR 65-3.5; *Westchester Med. Ctr. v Lincoln Gen. Ins. Co.*, 60 AD3d 1045, 1045-1046 [2009]; *Westchester Med. Ctr. v Progressive Cas. Ins. Co.* 51 AD3d 1014, 1017 [2008]; *New York & Presbyt. Hosp. v Selective Ins. Co. of Am.*, 43 AD3d 1019, 1020 [2007]).

In opposition, the insurer failed to raise a triable issue of fact as to whether it had timely denied the claim. Contrary to the insurer's contention, its letter to the hospital stating that payment of the claim was delayed "pending adjuster's review" and "investigation" did not serve to toll the 30-day statutory period (*see Westchester Med. Ctr. v Lincoln Gen. Ins. Co.*, 60 AD3d at 1046; *Nyack Hosp. v Encompass Ins. Co.*, 23 AD3d 535, 536 [2005]), and, in any event, was not a timely request for verification made within 10 business days after the insurer's receipt of the hospital's claim (*see* 11 NYCRR 65-3.5 [a]).

Failure to establish timely denial of the claim results in preclusion of the defense that the intoxication of the insured was a contributing cause of the accident and subject to exclusion under the policy (*see Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.*, 90 NY2d 274, 286 [1997]; *Westchester Med. Ctr. v New York Cent. Mut. Fire Ins. Co.*, 81 AD3d 929, 930 [2011]). Accordingly, the Supreme Court should have granted that branch of the hospital's motion which was for summary judgment on the third cause of action. Rivera, J.P., Skelos, Florio and Austin, JJ., concur. **[Prior Case History: 2010 NY Slip Op 30730(U).]**