OPINION OF THE COURT
Fred J. Hirsh, J.
Background
This motion for summary judgment raises the issue of whether there must be a connection between an independent *803 medical examination (IME) that a claimant fails to attend and the treatment in question for the failure to attend the IME to serve as a basis for denying a no-fault claim and dismissing this action.
Boulevard Multispec Medical, EC. (Boulevard) sues as assignee of Phillip Sansone (Sansone) to recover first-party no-fault benefits for a functional capacity evaluation performed on March 11, 2013 and chiropractic and physical therapy treatment provided to Sansone on March 1 and March 8, 2013.
Defendant Tri-State Consumer Insurance Company (TriState) timely denied all three claims on the grounds the treatment was not medically necessary based upon the IME report of J. Serge Parisién, M.D. conducted on February 12, 2013. Dr. Parisién found Sansone had a resolved sprain/strain of the cervical spine and a resolved sprain of the left shoulder. Dr. Parisién concluded Sansone did not need any further orthopedic treatment, physical or massage therapy and any further diagnostic testing.
Prior to the dates of the treatment in question, Tri-State had requested Sansone appear for an IME to be performed by Dr. Alain Delachapelle, a psychiatrist. Dr. Delachapelle states he was in his office on the dates the IMEs were supposed to be conducted, and Sansone never appeared for the IME.
Tri-State timely denied Boulevard’s claims for the aforementioned services on the grounds the services were not medically necessary and on the grounds Sansone had failed to appear for the psychiatric IME to be conducted by Dr. Delachapelle.
Boulevard submits an affirmation from Gordon Davis, D.O. in opposition to the motion in which Dr. Davis states he has reviewed the medical reports for the treatment and testing involved in this action, prior treatment provided by Boulevard to Sansone and the IME report of Dr. Parisién and concludes the treatment and testing were medically appropriate.
Discussion
A. Medical Necessity
An insurer establishes an entitlement to summary judgment on the grounds medical treatment and/or testing were not medically necessary by presenting proof in evidentiary form establishing a factual basis and medical rationale for concluding the treatment and testing was not medically necessary. (Total Equip., LLC v Mercury Cas. Co., 42 Misc 3d 131 [A], 2013 NY *804 Slip Op 52220[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013]; Right Aid Diagnostic Medicine, P.C. v GEICO Ins. Co., 41 Misc 3d 140[A], 2013 NY Slip Op 52003[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013].)
If the insurer presents such evidence, the burden of proof shifts to the plaintiff to present proof in evidentiary form rebutting the proof of lack of medical necessity. (West Tremont Med. Diagnostic, P.C. v GEICO Ins. Co., 13 Misc 3d 131[A], 2006 NY Slip Op 51871[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2006].)
Even if the court finds Dr. Parisien’s IME report sufficient to meet defendant’s burden, the affirmation of Dr. Davis is sufficient to establish a factual basis and medical rationale for the testing and treatment. (Bath Med. Supply, Inc. v New York Cent. Mut. Fire Ins. Co., 30 Misc 3d 137[A], 2011 NY Slip Op 50189[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; Vincent Med. Servs., P.C. v GEICO Ins. Co., 29 Misc 3d 141 [A], 2010 NY Slip Op 52153[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010].)
The different opinions expressed by the medical experts regarding the medical necessity for the chiropractic treatment, physical therapy and medical testing are sufficient to raise questions of fact mandating denial of the motion for summary judgment on the grounds the treatment was not medically necessary. (Vinings Spinal Diagnostic, P.C. v GEICO Gen. Ins. Co., 29 Misc 3d 132[A], 2010 NY Slip Op 51897[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010].)
B. Failure to Appear for an Independent Medical Examination
One of the primary purposes of the No-Fault Law is to ensure prompt payment of medical claims for necessary medical treatment or testing provided to persons injured in motor vehicle accidents. (See Matter of Medical Socy. of State of N.Y. v Serio, 100 NY2d 854, 860 [2003].) Insurance Law § 5102 (a) (1) requires the insurer to pay for all necessary expenses incurred for medical treatment and testing incurred by one injured in a motor vehicle accident.
Despite this stated purpose, an insurer may deny a claim for medical services provided to a person injured in a motor vehicle accident without reaching the issue of the medical necessity of the treatment if the injured party fails to appear for a properly and timely scheduled IME. (Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2d Dept 2006].) In or *805 der to deny a claim on the grounds the injured party failed to appear for an IME, the insurer must timely deny the claim asserting failure to appear for an IME as the grounds for the denial. (Westchester Med. Ctr. v Lincoln Gen. Ins. Co., 60 AD3d 1045 [2d Dept 2009], lv denied 13 NY3d 713 [2009].)
This simplistic rule does not take into account the purpose and function of an IME. The provision of 11 NYCRR 65-1.1 (d) (Section I, Conditions, Proof of Claim) requiring an injured party “shall submit to medical examination by physicians selected by, or acceptable to, the Company, when, and as often as, the Company may reasonably require,” is the provision the courts found made appearance at an IME a condition precedent to coverage. (Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co.; Concourse Chiropractic, PLLC v State Farm Mut. Ins. Co., 42 Misc 3d 131[A], 2013 NY Slip Op 52225[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013].)
However, other provisions of the regulations treat appearance at an IME as part of the process of verification of the claim. 11 NYCRR 65-3.5 (d) provides if the additional verification demanded is a medical examination, the insurer must schedule the medical examination within 30 days of receipt of the claim. 11 NYCRR 65-3.8 (a) requires an insurer to pay or deny all no-fault claims within 30 days of receipt including all verification requested under 11 NYCRR 65-3.5. Where the verification requested was an IME, the verification is deemed to have been received by the insurer on the date the IME was performed. (11 NYCRR 65-3.8 [a].)
The purpose of an IME is to permit the insurer to verify the person’s injuries, to determine the injured party’s condition and to determine if the injured party needs any additional treatment or testing for those conditions and injuries. (Mangione v Jacobs, 37 Misc 3d 711 [Sup Ct, Queens County 2012].) In no-fault cases, the purpose of the IME is to assist the carrier in determining the extent of the injured party’s disability and that person’s need for additional and continued benefits. (See Rowe v Wahnow, 26 Misc 3d 8, 10 [App Term, 1st Dept 2009, McKeon, P.J., dissenting].) Thus, the purpose of an IME is not to determine whether coverage exists, but is to permit the insurer to determine the nature and extent of the injured party’s injuries, whether the injured party needs additional treatment or testing for those injuries and for how much longer such treatment might be needed.
In many if not most instances, the relationship between the IME and the treatment is apparent. For example, should the *806 injured party fail to appear for a duly and timely noticed orthopedic IME, the insurer could deny all future benefits for orthopedic care and testing and treatment ordered by the orthopedist.
In this case, the insurer requested Sansone appear for a chiropractic, orthopedic, psychiatric and neurological IME within a one-week period. Sansone appeared for the orthopedic IME conducted by Dr. Parisién. Sansone did not appear for the psychiatric examination to be conducted by Dr. Delachapelle.
If one of the fundamental purposes of the No-Fault Law is to provide for prompt payment of claims for persons injured in motor vehicle accidents, then that purpose is not served by cutting off all no-fault benefits as a result of the injured party’s failure to appear for an IME in a discipline or specialty unrelated to the treatment in issue.
Put in the context of this action, the IME that serves as the basis of the denial of the claim is the failure of the party to appear for an IME to be performed by a psychiatrist. There is no evidence in the record to establish Sansone sustained any psychiatric injuries or received any psychiatric treatment for the injuries caused by the motor vehicle accident that gives rise to this no-fault claim. The treatment in question is medical testing involving the patient’s physical fitness to return to work as a bus driver, chiropractic treatment and physical therapy. None of this treatment or testing appears to be in any way related to Sansone’s psychiatric condition.
In order for the failure to appear for an IME to provide a basis for the denial of the claim, there must be some relationship between the IME for which the injured party failed to appear and the treatment in issue.
For the foregoing reasons, defendant’s motion for summary judgment is denied.