Alleviation Medical Services, P.C. as Assignee of ISAIAH HALL, Appellant,
against
Farmers New Century Insurance Co., Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (William A. Viscovich, J.), entered April 30, 2013. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is modified by providing that the branch of plaintiff's motion seeking summary judgment upon the first cause of action is granted and the branch of defendant's cross motion seeking summary judgment dismissing that cause of action is denied; as so modified, the order is affirmed, without costs, and the matter is remitted to the Civil Court for the calculation of statutory interest and an assessment of attorney's fees upon the first cause of action.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment and defendant cross-moved for summary judgment dismissing the complaint. The Civil Court denied plaintiff's motion and granted defendant's cross motion.
Contrary to plaintiff's contention, defendant established that the independent medical examination (IME) scheduling letters had been timely mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]), that plaintiff's assignor had failed to appear for the duly scheduled IMEs (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]), and that defendant had timely denied (see St. Vincent's Hosp. of Richmond, 50 AD3d 1123) the claim underlying the second cause of action on that ground. Since defendant demonstrated that plaintiff's assignor had failed to comply with a condition precedent to coverage (Stephen Fogel Psychological, P.C., 35 AD3d at 722) and plaintiff failed to raise a triable issue of fact in opposition to this branch of defendant's cross motion, defendant was entitled to summary judgment dismissing the second cause of action.
However, with respect to the first cause of action, plaintiff established submission of the claim form, and the affidavit of defendant's no-fault claims adjuster states that the claim at issue was not denied within 30 days of its receipt (see 11 NYCRR 65-3.8 [a] [1]). As a result, the record establishes plaintiff's prima facie case upon its first cause of action (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 506 [2015]). Since defendant did not demonstrate that the 30-day claim determination period (see 11 NYCRR 65-3.8) had been tolled for this claim, defendant is precluded from asserting, with respect to this claim, its proffered defense that plaintiff's assignor had failed to appear for the duly scheduled IMEs (see Westchester Med. Ctr. v Lincoln Gen. Ins. Co., 60 AD3d 1045 [2009]). Consequently, plaintiff is entitled to summary judgment upon its first cause of action.
Accordingly, the order is modified by providing that the branch of plaintiff's motion seeking summary judgment upon the first cause of action is granted and the branch of defendant's cross motion seeking summary judgment dismissing that cause of action is denied, and the matter is remitted to the Civil Court for the calculation of statutory interest and an assessment of [*2]attorney's fees upon the first cause of action, pursuant to Insurance Law § 5106 (a) and the regulations promulgated thereunder.
Pesce, P.J., Aliotta and Elliot, JJ., concur.
Decision Date: March 17, 2016