New Quality Medical, P.C., as Assignee of JOANNE ROSSIELLO, Respondent, 
against
Allstate Insurance Company, Appellant.



Appeal from an order of the Civil Court of the City of New York, Queens County (Carmen R. Velasquez, J.), entered July 29, 2013. The order granted plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint, alleging that the claim at issue had been timely and properly denied based upon plaintiff's failure to appear at duly scheduled examinations under oath (EUOs). The Civil Court granted plaintiff's motion and denied defendant's cross motion, finding that defendant had failed to sufficiently establish plaintiff's failure to appear for EUOs.
Since defendant raises no issue on appeal with regard to plaintiff's establishment of its prima facie entitlement to summary judgment, we do not pass upon the propriety of the Civil Court's implicit determination with respect thereto (see Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2004]).
Defendant's contention that its cross motion for summary judgment should have been granted due to plaintiff's failure to appear for duly scheduled EUOs lacks merit, as the Civil Court correctly found that defendant had failed to submit proof by someone with personal knowledge of the nonappearance of plaintiff for the EUOs in question (see Bright Med. Supply Co. v IDS Prop. & Cas. Ins. Co., 40 Misc 3d 130[A], 2013 NY Slip Op 51123[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; Alrof, Inc. v Safeco Natl. Ins. Co., 39 Misc 3d 130[A], 2013 NY Slip Op 50458[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Since defendant failed to raise a triable issue of fact as to whether it had timely denied plaintiff's claims (see 11 NYCRR 65-3.8 [a]; Westchester Med. Ctr. v Lincoln Gen. Ins. Co., 60 AD3d 1045 [2009]), defendant's contention that its papers were sufficient, at least, to raise a triable issue of fact as to whether plaintiff had failed to appear for the scheduled EUOs is irrelevant.
Accordingly, the order is affirmed.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: June 03, 2016