A.C. Medical, P.C., as Assignee of Yaadmarie Silva, Respondent, 
against
Ameriprise Insurance Company, Appellant.



Appeal from an order of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered April 24, 2015. The order denied defendant's motion for summary judgment dismissing the complaint and granted plaintiff's cross motion for summary judgment.




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff had failed to appear for duly scheduled examinations under oath (EUOs). Plaintiff opposed the motion and cross-moved for summary judgment. By order entered April 24, 2015, the Civil Court denied defendant's motion and granted plaintiff's cross motion.
Contrary to defendant's sole argument on appeal, that it was entitled to summary judgment dismissing the complaint based upon plaintiff's nonappearance at duly scheduled EUOs, defendant failed to establish that it had timely (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]) and properly denied the claims. Pursuant to the no-fault regulations, "any additional verification required by the insurer to establish proof of claim shall be requested within 15 business days of receipt of the prescribed verification forms" (11 NYCRR 65-3.5 [b]). Since defendant received the claim in the amount of $403.58 on August 28, 2012 and mailed an EUO scheduling letter to plaintiff on September 26, 2012, defendant's time to pay or deny that claim was reduced by the number of days that the EUO request was late (see 11 NYCRR 65-3.8 [l]). However, defendant did not timely deny that claim after plaintiff had failed to appear for the second scheduled EUO (see 11 NYCRR 65-3.8 [a] [1]). With respect to the remaining claims, because defendant did not mail its first EUO scheduling letter to plaintiff within 30 calendar days of receiving those claims, the scheduling letter was rendered a nullity by its untimeliness (see O & M Med., P.C. v Travelers Indem. Co., 47 Misc 3d 134[A], 2015 NY Slip Op 50476[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]) and did not toll defendant's time to pay or deny those claims. Consequently, defendant failed to establish that it had timely denied the remaining claims and, thus, defendant is precluded from interposing its defense (see Nyack Hosp. v Encompass Ins. Co., 23 AD3d 535 [2005]; Points of Health Acupuncture, P.C. v Lancer Ins. Co., 28 Misc 3d 133[A], 2010 NY Slip Op 51338[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]) that plaintiff had failed to comply with a condition precedent to coverage (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. [*2]Co., 35 AD3d 720 [2006]). 
Accordingly, the order is affirmed. 
Aliotta, J.P., Pesce and Solomon, JJ., concur.
Decision Date: December 07, 2016