Acupuncture Healthcare Plaza I, P.C., as Assignee of Christina Figueroa, Appellant,
against
Allstate Ins. Co., Respondent.




Korsunskiy Legal Group, P.C. (Michael Hoenig, Esq.), for appellant.
Bruno, Gerbino & Soriano, LLP (Mitchell L. Kaufman, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Katherine A. Levine, J.), entered January 17, 2014. The order granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment.




ORDERED that the order is reversed, with $30 costs, defendant's motion for summary judgment dismissing the complaint is denied, plaintiff's cross motion for summary judgment is granted, and the matter is remitted to the Civil Court for the calculation of statutory interest and an assessment of attorney's fees.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff's assignor had failed to appear for scheduled examinations under oath (EUOs). Plaintiff cross-moved for summary judgment. By order entered January 17, 2014, the Civil Court granted defendant's motion and denied plaintiff's cross motion.
In the papers submitted in support of its motion, defendant admitted receiving plaintiff's claim form. In an affirmation, defendant's counsel established that an initial EUO scheduling letter had been timely mailed to plaintiff's assignor (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]; 11 NYCRR 65-3.5 [b]), but further demonstrated that the follow-up EUO scheduling letter had not been timely mailed (see 11 NYCRR 65-3.6 [b]). Contrary to defendant's contention, 11 NYCRR 65-3.8 [l] specifically states that it does not apply to follow-up requests for verification. As a result, because defendant's follow-up EUO scheduling letter was untimely, the NF-10 denial of claim form which defendant eventually sent was untimely. Consequently, defendant is precluded from raising its proferred defense and, thus, defendant's motion for summary judgment dismissing the [*2]complaint should have been denied (see 11 NYCRR 65-3.8; Westchester Med. Ctr. v Lincoln Gen. Ins. Co., 60 AD3d 1045 [2009]).
As plaintiff's cross motion papers established its prima facie case (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 506 [2015]), plaintiff is entitled to summary judgment.
Accordingly, the order is reversed, defendant's motion for summary judgment dismissing the compliant is denied, plaintiff's cross motion for summary judgment is granted, and the matter is remitted to the Civil Court for the calculation of statutory interest and an assessment of attorney's fees, pursuant to Insurance Law § 5106 and the regulations promulgated thereunder.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 21, 2017