Lynbrook PT & OT, PLLC, as Assignee of Philomena Makinde, Appellant,
against
Ameriprise Ins. Co., Respondent.




Korsunskiy Legal Group, P.C. (Michael Hoenig, Esq.), for appellant.
Bruno, Gerbino & Soriano, LLP (Mitchell L. Kaufman, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Theresa M. Ciccotto, J.), entered January 9, 2015. The order, insofar as appealed from, granted the branches of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon claims for $72.92, $397.30, $208.30, $540.15, and $271.11, and denied the branches of plaintiff's cross motion seeking summary judgment upon those claims.




ORDERED that the order, insofar as appealed from, is modified by providing that the branches of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon claims for $72.92, $397.30, $208.30, and $540.15 are denied, and the branches of plaintiff's cross motion seeking summary judgment upon those claims are granted; as so modified, the order, insofar as appealed from, is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint and plaintiff cross-moved for summary judgment. Plaintiff appeals from so much of an order of the Civil Court as granted the branches of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon claims for $72.92, $397.30, $208.30, $540.15 and $271.11 on the ground that plaintiff had failed to appear for examinations under oath (EUOs), and denied the branches of plaintiff's cross motion seeking summary judgment upon those claims.
Contrary to plaintiff's contention, the proof submitted by defendant in support of the branch of its motion seeking summary judgment dismissing the complaint insofar as it sought to recover upon a claim seeking the sum of $271.11 was sufficient to give rise to a presumption that the EUO scheduling letters and the denial of claim form had been timely mailed with respect to that claim (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]), and to demonstrate that plaintiff had failed to appear for the scheduled EUOs (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]). As a result, the Civil Court properly granted the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon that claim.
However, defendant's moving papers failed to establish that the first EUO scheduling letter that defendant had sent to plaintiff had been timely with respect to the claims seeking to recover the sums of $72.92, $397.30, $208.30, and $540.15, since defendant stated that the letter had been sent more than 30 days after defendant had received the claims (see Neptune Med. Care, P.C. v Ameriprise Auto & Home Ins., 48 Misc 3d 139[A], 2015 NY Slip Op 51220[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; O & M Med., P.C. v Travelers Indem. Co., 47 Misc 3d 134[A], 2015 NY Slip Op 50476[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Moreover, defendant's moving papers did not demonstrate that those claims had been timely denied (see Westchester Med. Ctr. v Lincoln Gen. Ins. Co., 60 AD3d 1045 [2009]). In view of the foregoing, defendant failed to establish its entitlement to summary judgment with respect to those claims based upon plaintiff's failure to comply with a condition precedent to coverage (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]). As plaintiff established its prima facie case upon those claims (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), plaintiff is entitled to summary judgment upon those claims.
Accordingly, the order, insofar as appealed from, is modified by providing that the branches of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon claims for $72.92, $397.30, $208.30, and $540.15 are denied, and the branches of plaintiff's cross motion seeking summary judgment upon those claims are granted.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 19, 2017