Active Care Medical Supply Corp., as Assignee of Jeanniton, Marlyne, Appellant,
against
Ameriprise Auto & Home, Respondent.




The Rybak Firm, PLLC (Damin J. Toell, Esq.), for appellant.
Bruno, Gerbino & Soriano, LLP (Mitchell L. Kaufman, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Steven Z. Mostofsky, J.), entered February 27, 2015. The order granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is reversed, with $30 costs, and defendant's motion for summary
judgment is denied.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which granted defendant's motion for summary judgment dismissing the complaint on the ground that defendant had timely and properly denied the claims at issue based upon plaintiff's failure to appear for duly scheduled examinations under oath (EUOs).
Plaintiff correctly argues that defendant's moving papers failed to establish, as a matter of law, that the first EUO scheduling letter that defendant had sent to plaintiff had been timely with respect to the claim at issue in the first cause of action, as defendant stated that the letter had been sent more than 30 days after defendant had received the claim; therefore, the request was a nullity with respect to this claim (see Neptune Med. Care, P.C. v Ameriprise Auto & Home Ins., 48 Misc 3d 139[A], 2015 NY Slip Op 51220[U] [App Term, 2d Dept, 2d, 11th & 13th Jud [*2]Dists 2015]; O & M Med., P.C. v Travelers Indem. Co., 47 Misc 3d 134[A], 2015 NY Slip Op 50476[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). While defendant established that the initial EUO scheduling letter had been timely mailed to plaintiff with respect to the claim at issue in the second cause of action (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]; 11 NYCRR 65-3.5 [b]), defendant failed to demonstrate that the follow-up EUO scheduling letter had been timely mailed, since it had been mailed more than 30 days after plaintiff had failed to appear for the first scheduled EUO (see 11 NYCRR 65-3.6 [b]; Acupuncture Healthcare Plaza I, P.C. v Allstate Ins. Co., 56 Misc 3d 133[A], 2017 NY Slip Op 50939[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). 
As defendant failed to establish that it is not precluded from raising its proferred defense with respect to either cause of action, defendant's motion for summary judgment dismissing the complaint should have been denied (see 11 NYCRR 65-3.8; Westchester Med. Ctr. v Lincoln Gen. Ins. Co., 60 AD3d 1045 [2009]; Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]).
Accordingly, the order is reversed and defendant's motion for summary judgment is denied.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 19, 2017