Silver Acupuncture, P.C., as Assignee of Julianah Obadeyi, Appellant, 
against
GEICO (Gov Employees), Respondent.




Kopelevich & Feldsherova, P.C. (Galina Feldsherova, Esq.), for appellant.
The Law Office of Printz & Goldstein (Lawrence J. Chanice, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Theresa M. Ciccotto, J.), entered January 9, 2015. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is modified by providing that defendant's cross motion for summary judgment dismissing the complaint is denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment and defendant cross-moved for summary judgment dismissing the complaint. The Civil Court denied plaintiff's motion and granted defendant's cross motion on the ground that plaintiff had failed to appear for examinations under oath (EUOs).
Upon a review of the record, we find that defendant's cross motion failed to establish, as a matter of law, that defendant had timely denied plaintiff's claims after plaintiff had failed to appear at both an initial and a follow-up EUO (see Westchester Med. Ctr. v Lincoln Gen. Ins. Co., 60 AD3d 1045 [2009]; Avicenna Med. Arts, P.L.L.C. v Ameriprise Auto & Home, 47 Misc 3d 145[A], 2015 NY Slip Op 50701[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; DVS Chiropractic, P.C. v Interboro Ins. Co., 36 Misc 3d 138[A], 2012 NY Slip Op 51443[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). As defendant did not demonstrate that it is not precluded from raising its proffered defense, defendant's cross motion for summary [*2]judgment dismissing the complaint should have been denied.
Contrary to plaintiff's contention, plaintiff failed to establish its prima facie entitlement to summary judgment, as the proof it submitted failed to establish that the claims at issue had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued timely denial of claim forms that were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order is modified by providing that defendant's cross motion for summary judgment dismissing the complaint is denied.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 22, 2017