Valdan Acupuncture, P.C., as Assignee of Daequan Woods, Respondent, 
against
NY Central Mutual Fire Ins. Co., Appellant.




Gullo & Associates, LLP (Natalie Socorro of counsel), for appellant.
Gary Tsirelman, P.C. (Irena Golodkeyer of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Katherine A. Levine, J.), entered July 14, 2015. The order, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon a claim for $883.80 is granted, and the matter is remitted to the Civil Court for a new determination of the remaining branches of defendant's motion in accordance herewith.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on various grounds, including plaintiff's assignor's failure to appear for duly scheduled independent medical examinations (IMEs), material misrepresentation, and that plaintiff was seeking to recover amounts which are in excess of the amounts permitted by the workers' compensation fee schedule. By order entered July 14, 2015, the Civil Court found, in effect pursuant to CPLR 3212 (g), that defendant had established the assignor's failure to appear for the IMEs and, in effect, that defendant had established the timely and proper mailing of its denials, and held that the only remaining issues for trial were plaintiff's prima facie case and whether defendant had mailed the IME scheduling letters to plaintiff's assignor. Defendant appeals, arguing that it is entitled to summary judgment [*2]dismissing the complaint based upon plaintiff's assignor's failure to appear for IMEs.
Three of the claims at issue in this case, seeking the sums of $1,062.11, $1,420.16 and $1,420.16, respectively, were denied on grounds other than plaintiff's assignor's failure to appear for IMEs. Consequently, as plaintiff argues, defendant did not preserve its IME no-show defense as to those claims and, thus, it is not entitled to summary judgment dismissing those claims on that ground (see Westchester Med. Ctr. v Lincoln Gen. Ins. Co., 60 AD3d 1045 [2009]). As a result, the branches of defendant's motion seeking to dismiss those claims must be remitted to the Civil Court for a new determination based upon the remaining grounds raised in defendant's summary judgment motion, which grounds were not addressed by the Civil Court. 
However, contrary to plaintiff's argument as to the remaining claim, for $883.80, defendant's proof was sufficient to demonstrate that plaintiff's assignor had failed to appear for the scheduled IMEs (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]). Moreover, defendant's proof sufficiently established that it had properly mailed the IME scheduling letters to plaintiff's assignor (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). As plaintiff has not challenged the Civil Court's determination that defendant is otherwise entitled to judgment on this claim, the branch of defendant's motion seeking summary judgment dismissing this claim should have been granted.
Accordingly, the order, insofar as appealed from, is reversed, the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon a claim for $883.80 is granted, and the matter is remitted to the Civil Court for a new determination of the remaining branches of defendant's motion in accordance herewith.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 18, 2018