Maiga Products Corp., as Assignee of Sylvain, Michael, Respondent, 
against
Hertz Co., Appellant.




Rubin, Fiorella & Friedman, LLP (Kyeko M. Stewart and Lindsay Padover of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Steven Z. Mostofsky, J.), entered July 25, 2016, deemed from a judgment of that court entered August 4, 2016 (see CPLR 5512 [a]). The judgment, entered pursuant to the July 25, 2016 order granting plaintiff's motion for summary judgment and denying defendant's cross motion for summary judgment dismissing the complaint, awarded plaintiff the principal sum of $3,698.07.




ORDERED that the judgment is reversed, with $30 costs, so much of the order entered July 25, 2016 as granted plaintiff's motion for summary judgment is vacated, and summary judgment dismissing the complaint is awarded to defendant pursuant to CPLR 3212 (b), in accordance with the decision herein.
Plaintiff commenced this action on April 17, 2014 to recover assigned first-party no-fault benefits for supplies provided to its assignor, who had purportedly been injured in a motor vehicle accident on November 16, 2013. Thereafter, plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint on the ground that plaintiff's assignor had failed to appear for duly scheduled examinations under oath (EUOs). By order entered July 25, 2016, the Civil Court granted plaintiff's motion and denied defendant's cross motion. A judgment was entered on August 4, 2016 pursuant to the order, awarding plaintiff the principal sum of $3,698.07. On appeal, defendant argues that the complaint should [*2]be dismissed, as the action is barred by an order of the Supreme Court, New York County, entered April 20, 2017, which declared that the insurer herein is not obligated to pay "any current or future" claim for no-fault benefits arising out of the November 16, 2013 motor vehicle accident, due to the failure by the assignor herein to appear for scheduled EUOs. Defendant further argues that, in any event, plaintiff failed to establish its prima facie entitlement to summary judgment.
Contrary to the determination of the Civil Court, plaintiff's motion papers failed to prove, prima facie, that it was entitled to summary judgment, as the proof it submitted failed to demonstrate that the claims at issue had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued timely denial of claim forms that were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). 
Upon the record presented to the Civil Court, defendant failed to demonstrate that it had timely (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]) and properly denied the claims. Thus, defendant did not show that it is not precluded from interposing its defense (see Nyack Hosp. v Encompass Ins. Co., 23 AD3d 535 [2005]; Points of Health Acupuncture, P.C. v Lancer Ins. Co., 28 Misc 3d 133[A], 2010 NY Slip Op 51338[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]) that plaintiff's assignor had failed to appear for duly scheduled EUOs. Consequently, defendant's cross motion for summary judgment dismissing the complaint was properly denied.
However, for the reasons stated in K.O. Med., P.C., as Assignee of Brutus Christopher v Mercury Cas. Co. (57 Misc 3d 155[A], 2017 NY Slip Op 51614[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]), in the interest of judicial economy, upon taking judicial notice of the order of the Supreme Court, New York County, entered April 20, 2017, we award defendant summary judgment dismissing the complaint pursuant to CPLR 3212 (b).
Accordingly, the judgment is reversed, so much of the order entered July 25, 2016 as granted plaintiff's motion for summary judgment is vacated, and summary judgment dismissing the complaint is awarded to defendant pursuant to CPLR 3212 (b).
WESTON, J.P., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 12, 2018