EA Chiropractic Diagnostics, P.C. v GEICO Ins. (2020 NY Slip Op
51331(U))

[*1]

EA Chiropractic Diagnostics, P.C. v GEICO Ins.

2020 NY Slip Op 51331(U) [69 Misc 3d 139(A)]

Decided on November 6, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 6, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2018-2003 K C

EA Chiropractic Diagnostics, P.C., as
Assignee of Meglys Nunez, Ysabel Delacruz, Zarguna Heidar, Yvonne Medrano, Nadine Burrell
Hamilton and Rossy Martinez, Respondent, 
against
GEICO Insurance, Appellant. 

Rivkin Radler, LLP (Stuart M. Bodoff of counsel), for appellant.
Zara Javakov, P.C. (Zara Javakov of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Odessa
Kennedy, J.), entered September 12, 2018. The order, insofar as appealed from, denied
defendant's cross motion for summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is modified by providing that the branch
of defendant's cross motion seeking summary judgment dismissing so much of the complaint as
sought to recover upon a claim for services rendered from May 19, 2016 through May 25, 2016 is
granted; as so modified, the order, insofar as appealed from, is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals from so much of an order of the Civil Court as denied defendant's cross motion which
had sought summary judgment dismissing the complaint on the grounds that plaintiff had failed
to appear for duly scheduled examinations under oath (EUOs) and that plaintiff's assignor had
failed to appear for duly scheduled independent medical examinations (IMEs).
In support of the branch of its cross motion seeking summary judgment dismissing so much
of the complaint as sought to recover upon a claim for services rendered from May 19, 2016
through May 25, 2016, defendant submitted an affidavit by the general manager of Empire Stat
Med Review, P.C., which had been retained by defendant to schedule IMEs, which affidavit
sufficiently established that the IME scheduling letters had been timely mailed (see St.
Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]).
Defendant also established that the assignor failed to appear for the duly scheduled IMEs (see
Stephen Fogel [*2]Psychological, P.C. v Progressive Cas. Ins.
Co., 35 AD3d 720 [2006]). Thus, defendant demonstrated that plaintiff failed to comply with
a condition precedent to coverage (id. at 722). As defendant's cross motion further
established that defendant timely denied (see St. Vincent's Hosp. of Richmond, 50 AD3d
1123) the claim on that ground, and plaintiff failed to raise a triable issue of fact in opposition to
this branch of defendant's cross motion, the branch of defendant's cross motion seeking summary
judgment dismissing so much of the complaint as sought to recover upon a claim for services
rendered from May 19, 2016 through May 25, 2016 should have been granted.
Contrary to defendant's contention, defendant's cross motion failed to establish that
defendant had timely denied the remaining claims at issue after plaintiff allegedly failed to
appear at both an initial and a follow-up EUO. As defendant did not demonstrate that it is not
precluded from raising this proffered defense (see Westchester Med. Ctr. v Lincoln Gen. Ins.
Co., 60 AD3d 1045 [2009]), defendant is not entitled to summary judgment upon the branch
of its cross motion seeking summary judgment dismissing the remaining portion of the
complaint.
Accordingly, the order, insofar as appealed from, is modified by providing that the branch of
defendant's cross motion seeking summary judgment dismissing so much of the complaint as
sought to recover upon a claim for services rendered from May 19, 2016 through May 25, 2016 is
granted.
ALIOTTA, P.J., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 6, 2020