Pavlova v 21st Century Ins. Co. (2022 NY Slip Op 50363(U))

[*1]

Pavlova v 21st Century Ins. Co.

2022 NY Slip Op 50363(U) [75 Misc 3d 127(A)]

Decided on April 29, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 29, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : DONNA-MARIE E. GOLIA, J.P., WAVNY TOUSSAINT, CHEREÉ
A. BUGGS, JJ

2020-537 K C

Ksenia Pavlova, D.O., as Assignee of
Bowen, Ranardo, Appellant, 
against
21st Century Insurance Company, Respondent.

The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Law Offices of Buratti, Rothenberg & Burns (Konstantinos Tsirkas of counsel), for
respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Rosemarie
Montalbano, J.), entered September 10, 2019. The order granted defendant's motion for summary
judgment dismissing the complaint and denied plaintiff's cross motion for summary
judgment.

ORDERED that the order is modified by providing that defendant's motion for summary
judgment dismissing the complaint is denied; as so modified, the order is affirmed, without
costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals
from an order of the Civil Court which granted defendant's motion for summary judgment
dismissing the complaint on the ground that plaintiff's assignor had failed to appear for duly
scheduled examinations under oath (EUOs), and denied plaintiff's cross motion for summary
judgment. 
Plaintiff correctly argues that defendant's motion failed to establish that defendant had timely
denied plaintiff's claim after plaintiff's assignor had allegedly failed to appear at both an initial
and a follow-up EUO (see Quality
Health Supply Corp. v Nationwide Ins., 69 Misc 3d 133[A], 2020 NY Slip Op 51226[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]). As defendant did not demonstrate
that it is not precluded from raising its proffered defense (see Westchester Med. Ctr. v Lincoln Gen. Ins. Co., 60 AD3d 1045
[2009]), defendant's motion for [*2]summary judgment
dismissing the complaint should have been denied. 
The Civil Court denied plaintiff's cross motion as untimely pursuant to a schedule which the
parties had stipulated to more than nine months earlier. Since plaintiff does not argue, much less
establish, that its cross motion was timely or set forth a reasonable excuse for plaintiff's failure to
cross-move during the more than eight months plaintiff had to do so, there is no basis to disturb
the Civil Court's denial of the cross motion as untimely.
Accordingly, the order is modified by providing that defendant's motion for summary
judgment dismissing the complaint is denied.
GOLIA, J.P., TOUSSAINT and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 29, 2022