New York Wellness PT, P.C. v State Farm Mut. Auto. Ins. Co. (2022 NY Slip Op
50608(U))

[*1]

New York Wellness PT, P.C. v State Farm Mut. Auto. Ins.
Co.

2022 NY Slip Op 50608(U) [75 Misc 3d 141(A)]

Decided on June 17, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 17, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2020-894 K C

New York Wellness PT, P.C., as Assignee
of Sang, Kashana, Appellant, 
against
State Farm Mutual Automobile Ins. Co., Respondent.

The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Rubin, Fiorella, Friedman & Mercante, LLP (Daniel Passer and Kyeko Stewart of counsel),
for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Matthew P.
Blum, J.), dated September 10, 2020. The order granted defendant's motion for summary
judgment dismissing the complaint and denied plaintiff's cross motion for summary
judgment.

ORDERED that the order is modified by providing that defendant's motion for summary
judgment dismissing the complaint is denied; as so modified, the order is affirmed, without
costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals
from an order of the Civil Court which granted defendant's motion for summary judgment
dismissing the complaint on the ground that plaintiff's assignor had failed to appear for duly
scheduled examinations under oath (EUOs), and denied plaintiff's cross motion for summary
judgment.
Although defendant established that the EUO scheduling letters had been timely mailed (see St. Vincent's Hosp. of Richmond v
Government Empls. Ins. Co., 50 AD3d 1123 [2008]), defendant failed to submit proof
by someone with personal knowledge of the nonappearance of plaintiff's assignor for the EUOs.
In addition, defendant's motion failed to establish, as a matter of law, that defendant had timely
denied plaintiff's claim after plaintiff's assignor had allegedly failed to appear at two duly
scheduled EUOs. Therefore, defendant failed to establish its entitlement to summary judgment
dismissing the complaint on the ground that plaintiff's assignor had failed to appear for EUOs (see Westchester Med. Ctr. v Lincoln Gen.
Ins. Co., 60 AD3d 1045 [2009]; Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d
720 [2006]).
Finally, plaintiff failed to demonstrate its prima facie entitlement to judgment as a matter of
law, as the proof submitted in support of its cross motion failed to establish that defendant failed
to deny the claim within the 30-day period (see Viviane Etienne Med. Care, P.C. v [*2]Country-Wide Ins. Co., 25 NY3d 498 [2015]) or that
defendant had issued denials that were conclusory, vague or without merit as a matter of law (see Ave T MPC Corp. v Auto One Ins.
Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2011]).
Accordingly, the order is modified by providing that defendant's motion for summary
judgment dismissing the complaint is denied.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 17, 2022