AKNY Physical Therapy, PLLC v Lancer Ins. Co. (2022 NY Slip Op
51249(U))

[*1]

AKNY Physical Therapy, PLLC v Lancer Ins. Co.

2022 NY Slip Op 51249(U) [77 Misc 3d 133(A)]

Decided on December 2, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 2, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT,
CHEREÉ A. BUGGS, JJ

2021-686 K C

AKNY Physical Therapy, PLLC, as
Assignee of Altamirano, Alex Armando, Appellant,
against
Lancer Insurance Co., Respondent.

The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel), for appellant.
The Chartwell Law Offices, LLP, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County
(Rupert V. Barry, J.), entered September 27, 2021. The order granted defendant's motion
for summary judgment dismissing the complaint and denied plaintiff's cross motion for
summary judgment.

ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff
appeals from an order of the Civil Court granting defendant's motion for summary
judgment dismissing the complaint, and denying plaintiff's cross motion for summary
judgment as untimely pursuant to a schedule which the parties had stipulated to more
than a year earlier.
On appeal, plaintiff does not argue that defendant's motion was insufficient to make
a prima facie showing of defendant's entitlement to summary judgment. Moreover,
plaintiff does not assert that its cross motion, which was also opposition to defendant's
motion, raised any triable issues of fact. Instead, plaintiff merely asserts that the court
should not have denied plaintiff's cross motion as untimely and, therefore, that both
defendant's and plaintiff's motions should be remitted to the [*2]Civil Court for consideration. However, plaintiff does not
argue, much less establish, that its cross motion was timely under the parties' schedule, or
set forth a reasonable excuse for its failure to cross-move during the seven months it had
to do so (see Pavlova v 21st
Century Ins. Co., 75 Misc 3d 127[A], 2022 NY Slip Op 50363[U] [App Term,
2d Dept, 2d, 11th & 13th Jud Dists 2022]). Consequently, we find no basis to
disturb the Civil Court's refusal to review plaintiff's papers.
Accordingly, the order is affirmed.
ALIOTTA, P.J., TOUSSAINT and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 2, 2022