JCC Med., P.C. v Lancer Ins. Co. (2021 NY Slip Op 50485(U))

[*1]

JCC Med., P.C. v Lancer Ins. Co.

2021 NY Slip Op 50485(U) [71 Misc 3d 140(A)]

Decided on May 21, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 21, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2018-2503 K C

JCC Medical, P.C., as Assignee of Damis,
Magalie, Respondent, 
against
Lancer Insurance Co., Appellant. 

Hollander Legal Group, P.C.(Allan S. Hollander of counsel), for appellant.
The Rybak Firm, PLLC (Oleg Rybak of counsel), for respondent (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Louis L.
Nock, J.), entered May 4, 2018. The judgment, entered pursuant to a decision of that court dated
November 16, 2017, after a nonjury trial, awarded plaintiff the principal sum of $3,695.34.

ORDERED that, on the court's own motion, the notice of appeal from the decision dated
November 16, 2017 is deemed a premature notice of appeal from the judgment entered May 4,
2018 (see CPLR 5520 [c]); and it is further,
ORDERED that the judgment is reversed, with $30 costs, and the matter is remitted to the
Civil Court for the entry of a judgment in favor of defendant dismissing the complaint.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals from a judgment, after a nonjury trial, awarding plaintiff the principal sum of
$3,695.34.
At the outset of the trial, the parties noted that, by a prior order, the issues for trial would be
limited (see CPLR 3212 [g]) to defendant's proof of timely mailing of the examination
under oath (EUO) scheduling letters and the denial of claim forms. As defendant established that
the EUO scheduling letters were timely mailed to plaintiff by first class mail, contrary to the
Civil Court's conclusion, it is irrelevant that defendant failed to establish that copies of such
letters were also mailed to plaintiff by certified mail, return receipt requested (see Adelaida Physical Therapy, P.C. v
Ameriprise Auto & Home, 53 Misc 3d 142[A], 2016 NY Slip Op 51540[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; MML Med. Care, P.C. v Praetorian Ins. Co., 46 Misc 3d 127[A],
2014 NY Slip Op 51792[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). In
addition, the testimony of defendant's no-fault claims examiner was sufficient to establish that
the denial of claim forms were timely mailed (see St. Vincent's Hosp. of Richmond [*2]v
Government Empls. Ins. Co., 50 AD3d 1123 [2008]) to plaintiff notwithstanding that
the no-fault claims examiner did not have direct supervisory authority over defendant's mail
personnel (see Delta Diagnostic
Radiology, P.C. v Chubb Group of Ins., 17 Misc 3d 16 [App Term, 2d Dept, 2d &
11th Jud Dists 2007]).
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for the
entry of a judgment in favor of defendant dismissing the complaint.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 21, 2021