Dr. Orenbakh Psychologist, P.C. v Nationwide Affinity Ins. Co. of Am. (2022 NY Slip
Op 50566(U))

[*1]

Dr. Orenbakh Psychologist, P.C. v Nationwide Affinity Ins. Co. of
Am.

2022 NY Slip Op 50566(U) [75 Misc 3d 137(A)]

Decided on June 10, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 10, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-1672 K C

Dr. Orenbakh Psychologist, P.C., as
Assignee of Taisha Addarich Diaz, Respondent, 
against
Nationwide Affinity Ins. Co. of America, Appellant.

Hollander Legal Group, P.C. (Alan S. Hollander, of counsel), for appellant.
Kopelevich & Feldsherova, P.C. (David Landfair of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Odessa
Kennedy, J.), entered August 20, 2019. The order denied defendant's motion for summary
judgment dismissing the complaint and, upon a search of the record, awarded plaintiff summary
judgment upon the claim which defendant received on February 2, 2016.

ORDERED that the order is modified by providing that the branches of defendant's motion
seeking summary judgment dismissing so much of the complaint as sought to recover upon
claims which defendant received on February 8, 2016 through March 10, 2016 are granted; as so
modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved
for summary judgment dismissing the complaint on the ground that plaintiff had failed to appear
for duly scheduled examinations under oath (EUOs). By order entered August 20, 2019, the Civil
Court found that there were issues of fact with respect to the mailing of the EUO scheduling
letters and whether plaintiff failed to appear. The court held that defendant's denial of the claim it
received on February 2, 2016 was untimely and, upon a search of the record, awarded plaintiff
summary judgment upon that claim.
Upon a review of the record, we find that defendant sufficiently established that the EUO
scheduling letters had been mailed in accordance with defendant's standard office practices and
procedures (see St. Vincent's Hosp. of
Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]; JCC Med., P.C. v Lancer Ins. Co., 71
Misc 3d 140[A], 2021 NY Slip Op 50485[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2021]; Parisien v Ameriprise
Ins., 68 Misc 3d 131[A], 2020 NY Slip Op 50990[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2020]), and the affirmations from the attorney who was prepared to
conduct the EUOs as well as the [*2]certified transcripts of the
EUOs demonstrated that plaintiff had failed to appear for either of the scheduled EUOs (see Stephen Fogel Psychological, P.C. v
Progressive Cas. Ins. Co., 35 AD3d 720 [2006]). In addition, the record further shows
that defendant timely denied the claims which defendant received on February 8, 2016 through
March 10, 2016 on the ground that plaintiff had failed to appear for the scheduled EUOs (see
St. Vincent's Hosp. of Richmond, 50 AD3d 1123). As plaintiff failed to raise a triable issue
of fact in opposition to this showing, the branches of defendant's motion seeking summary
judgment dismissing so much of the complaint as sought to recover upon those claims should
have been granted.
With respect to the remaining claim, defendant admitted that it received the claim form on
February 2, 2016 and that the first EUO scheduling letter was not mailed until March 4, 2016,
more than 30 days after receipt of that claim. Thus, defendant did not demonstrate that it is not
precluded from raising its proffered defense as to this claim, as the EUO request was a nullity as
to that claim (see Neptune Med. Care,
P.C. v Ameriprise Auto & Home Ins., 48 Misc 3d 139[A], 2015 NY Slip Op
51220[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Consequently, the branch
of defendant's motion seeking summary judgment upon that claim was properly denied.
Defendant raises no other issue with respect to so much of the order as, upon a search of the
record, awarded summary judgment to plaintiff upon this claim. Thus, we leave that part of the
order undisturbed.
Accordingly, the order is modified by providing that the branches of defendant's motion
seeking summary judgment dismissing so much of the complaint as sought to recover upon
claims which defendant received on February 8, 2016 through March 10, 2016 are granted.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 10, 2022