ACH Chiropractic, P.C. v Nationwide Ins. (2022 NY Slip Op 50795(U))

[*1]

ACH Chiropractic, P.C. v Nationwide Ins.

2022 NY Slip Op 50795(U) [76 Misc 3d 129(A)]

Decided on August 12, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 12, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2020-427 K C

ACH Chiropractic, P.C., as Assignee of
Reid, Shamel W., Appellant, 
against
Nationwide Ins., Respondent. 

Hollander Legal Group, P.C. (Damin J. Toell of counsel), for appellant.
The Rybak Firm, PLLC (Allan S. Hollander of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Carolyn
Walker-Diallo, J.), entered August 22, 2019. The order granted defendant's motion for summary
judgment dismissing the complaint and denied plaintiff's cross motion for summary
judgment.

ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals
from an order of the Civil Court which granted defendant's motion for summary judgment
dismissing the complaint on the ground that plaintiff's assignor had failed to appear for duly
scheduled examinations under oath (EUOs), and denied plaintiff's cross motion for summary
judgment.
To establish its prima facie entitlement to summary judgment dismissing a complaint on the
ground that a provider's assignor had failed to appear for an EUO, an insurer must demonstrate,
as a matter of law, that it had twice duly demanded an EUO from the assignor, that the assignor
had twice failed to appear, and that the insurer had issued a timely denial of the claims (see Interboro Ins. Co. v Clennon, 113
AD3d 596, 597 [2014]; Parisien v
Metlife Auto & [*2]Home, 54 Misc 3d 143[A],
2017 NY Slip Op 50208[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; Palafox PT, P.C. v State Farm Mut. Auto.
Ins. Co., 49 Misc 3d 144[A], 2015 NY Slip Op 51653[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2015]). Upon a review of the record, we find, contrary to plaintiff's sole
contention on appeal with respect to defendant's motion, that defendant sufficiently established
that the EUO scheduling letters had been timely mailed in accordance with defendant's standard
office practices and procedures (see St.
Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]; JCC Med., P.C. v Lancer Ins. Co., 71
Misc 3d 140[A], 2021 NY Slip Op 50485[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2021]; Parisien v Ameriprise
Ins., 68 Misc 3d 131[A], 2020 NY Slip Op 50990[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2020]).
Accordingly, the order is affirmed.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 12, 2022