Quality Health Supply Corp. v Nationwide Ins. (2020 NY Slip Op 51226(U))

[*1]

Quality Health Supply Corp. v Nationwide Ins.

2020 NY Slip Op 51226(U) [69 Misc 3d 133(A)]

Decided on October 16, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 16, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., BERNICE D. SIEGAL, WAVNY
TOUSSAINT, JJ

2018-2002 K C

Quality Health Supply Corp., as Assignee of
Anthony, Quiana, Respondent, 
against
Nationwide Ins., Appellant. 

Hollander Legal Group , P.C. (Allan S. Hollander of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin
Kelly Sheares, J.), entered July 30, 2018. The order denied defendant's motion for summary
judgment dismissing the complaint and granted plaintiff's cross motion for summary
judgment.

ORDERED that the order is affirmed, with $25 costs. 
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved
for summary judgment dismissing the complaint on the ground that it had timely denied the
claims based upon plaintiff's failure to appear for duly scheduled examinations under oath
(EUOs). Plaintiff opposed the motion and cross-moved for summary judgment. By order entered
July 30, 2018, the Civil Court denied defendant's motion and granted plaintiff's cross
motion.
Where, as here, no other verification request is outstanding (see Alev Med. Supply, Inc. v
New York Cent. Mut. Fire Ins. Co., 38 Misc 3d 143[A], 2013 NY Slip Op 50258[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]), the 30-day period for an insurer to pay or
deny a claim (see 11 NYCRR 65-3.8 [a] [1]) based upon a failure to appear for an EUO
begins to run on the date of the second EUO nonappearance, when an insurer is permitted to
conclude that there [*2]was a failure to comply with a condition
precedent to coverage (see 11 NYCRR 65-3.8 [a] [1]; Chapa Prods. Corp. v MVAIC, 66 Misc 3d 16 [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2019]; Veraso Med. Supply Corp. v 21st Century Ins. Co., 61 Misc 3d
146[A], 2018 NY Slip Op 51696[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2018]). Defendant asserted that the assignor had failed to appear on September 9, 2016, October
4, 2016, and November 1, 2016. As defendant did not deny the claims until November 14, 2016,
which was more than 30 days after the second failure to appear, for the EUO scheduled for
October 4, 2016, defendant is not entitled to summary judgment dismissing the complaint
because defendant did not demonstrate that it is not precluded from raising its proffered defense
(see Westchester Med. Ctr. v Lincoln
Gen. Ins. Co., 60 AD3d 1045 [2009]). Furthermore, as defendant raises no issue with
respect to plaintiff's establishment of its prima facie entitlement to summary judgment, we do not
pass upon the propriety of the Civil Court's determination with respect thereto.
Accordingly, the order is affirmed.
ALIOTTA, P.J., SIEGAL and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 16, 2020