New Age Acupuncture, P.C. v Global Liberty Ins. Co. (2020 NY Slip Op
51225(U))

[*1]

New Age Acupuncture, P.C. v Global Liberty Ins. Co.

2020 NY Slip Op 51225(U) [69 Misc 3d 133(A)]

Decided on October 16, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 16, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2018-1465 K C

New Age Acupuncture, P.C., as Assignee of
Charles Carl, Respondent, 
against
Global Liberty Insurance Company, Appellant.

Law Office of Jason Tenenbaum, P.C. (Jason Tenenbaum and Shaaker Bhuiyan of counsel), for
appellant.
Law Office of Melissa Betancourt, P.C., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Sharon
Bourne-Clarke, J.), entered June 15, 2018. The order denied defendant's motion to, in effect,
open its default in appearing for a calendar call and, upon opening the default, dismiss the
complaint.

ORDERED that the order is reversed, with $30 costs, and defendant's motion to, in effect,
open its default in appearing for a calendar call and, upon opening the default, dismiss the
complaint is granted.
After issue was joined in this action by a provider to recover assigned first-party no-fault
benefits arising from an accident that occurred on October 19, 2011, defendant defaulted in
appearing for a scheduled court date. Defendant moved to, in effect, open its default and dismiss
the complaint on the ground that, by amended order and judgment dated August 1, 2016, the
Supreme Court, Bronx County, had declared, insofar as is relevant here, that defendant has no
obligation to pay plaintiff for claims arising out of the accident underlying this claim. Defendant
appeals from an order of the Civil Court entered June 15, 2018 denying defendant's motion to, in
effect, open its default and, upon opening the default, dismiss the complaint.
In our view, the Civil Court improvidently exercised its discretion in denying defendant's
motion when this action is barred by the August 1, 2016 order and judgment of the Supreme
Court (cf. e.g. Vital Meridian
Acupuncture, P.C. v Republic W. Ins. Co., 46 Misc 3d 147[A], 2015 NY Slip Op
50222[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Under the circumstances,
defendant's motion should have been granted "for sufficient reason and in the interests of
substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]). 
Accordingly, the order entered June 15, 2018 is reversed and defendant's motion to, in effect,
open its default in appearing for a calendar call and, upon opening the default, dismiss the
complaint is granted.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 16, 2020