Island Life Chiropractic Pain Care, PLLC v 21st Century Ins. Co. (2021 NY Slip Op 21340)

Island Life Chiropractic Pain Care, PLLC v 21st Century Ins. Co.

2021 NY Slip Op 21340 [74 Misc 3d 17]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, February 9, 2022

[*1]

Island Life Chiropractic Pain Care, PLLC, as Assignee of Omari Barnes, Appellant,
v
21st Century Insurance Company, Respondent.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, December 10, 2021

APPEARANCES OF COUNSEL

The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel) for appellant.
Law Offices of Buratti, Rothenberg & Burns (Konstantinos Tsirkas of counsel) for respondent.

{**74 Misc 3d at 18} OPINION OF THE COURT

Memorandum.

Ordered that the order is modified by providing that the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon the claim in the sum of $1,314 submitted on November 26, 2014, is denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that defendant had timely denied the claims based upon plaintiff's assignor's failure to appear for duly scheduled examinations under oath (EUOs). Plaintiff opposed the motion and cross-moved for summary judgment. By order entered September 18, 2019, the Civil Court granted defendant's motion and, in effect, denied plaintiff's cross motion as untimely pursuant to the parties' adjournment stipulation, which had been executed by both parties' attorneys.
At issue are three claims, for $1,314, $620.07 and $620.07. Plaintiff alleges in its complaint that the claim for $1,314 was mailed to defendant on November 26, 2014, and that the two claims for $620.07 were each mailed on February 13, 2015. It{**74 Misc 3d at 19} is undisputed on this appeal that defendant scheduled EUOs of plaintiff's assignor to be held on December 12, 2014, January 22, 2015, and February 17, 2015; that plaintiff's assignor did not appear for any of these [*2]scheduled EUOs; that the November 26, 2014 claim was denied on February 24, 2015; and that the February 13, 2015 claims were denied on March 2, 2015. On appeal, plaintiff argues that defendant was required to deny all three claims within 30 days of plaintiff's assignor's failure to appear for the second scheduled EUO, on January 22, 2015, and therefore that defendant is precluded from raising this defense.
Plaintiff correctly argues that defendant, by claiming that it had mailed the denial of the November 26, 2014 claim on February 24, 2015, failed to establish, under the circumstances presented, that it had timely denied that claim. A no-fault claim must be paid or denied "within 30 calendar days after the insurer receives proof of claim" (11 NYCRR 65-3.8 [a] [1]; see e.g. New York & Presbyt. Hosp. v Allstate Ins. Co., 31 AD3d 512 [2006]). While it is not disputed on this appeal that defendant tolled its time to pay or deny the November 26, 2014 claim by timely scheduling an EUO of plaintiff's assignor (see 11 NYCRR 65-3.8 [a] [1]; see also e.g. Sound Shore Med. Ctr. v New York Cent. Mut. Fire Ins. Co., 106 AD3d 157 [2013]; Longevity Med. Supply, Inc. v IDS Prop. & Cas. Ins. Co., 44 Misc 3d 137[A], 2014 NY Slip Op 51244[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]), the toll ended when plaintiff's assignor failed to appear at the second EUO on January 22, 2015 (Quality Health Supply Corp. v Nationwide Ins., 69 Misc 3d 133[A], 2020 NY Slip Op 51226[U], *1-2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]). As defendant did not demonstrate that it denied the November 26, 2014 claim within 30 days of the end of the toll, it has not demonstrated that it is not precluded from raising its proffered EUO no-show defense (see Westchester Med. Ctr. v Lincoln Gen. Ins. Co., 60 AD3d 1045 [2009]; see also Nationwide Affinity Ins. Co. of Am. v Jamaica Wellness Med., P.C., 167 AD3d 192 [2018]) as to that claim, and the branch of defendant's motion seeking summary judgment dismissing the November 26, 2014 claim should have been denied.
However, there is no merit to plaintiff's argument that the branch of defendant's motion seeking summary judgment dismissing the February 13, 2015 claims should have been denied because defendant was similarly required to deny those{**74 Misc 3d at 20} claims within 30 days of plaintiff's assignor's failure to appear on January 22, 2015. Rather, defendant demonstrated that those claims were properly denied on March 2, 2015, within 30 days of their receipt, based upon the prior nonappearance (see 11 NYCRR 65-3.8 [a]; ARCO Med. N.Y., P.C. v Lancer Ins. Co., 34 Misc 3d 134[A], 2011 NY Slip Op 52382[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
It has been long held that "[t]he failure to comply with the provision of an insurance policy requiring the insured to submit to an examination under oath . . . is a material breach of the [no-fault] policy, precluding recovery of the policy proceeds" (Interboro Ins. Co. v Clennon, 113 AD3d 596, 597 [2014] [internal quotation marks omitted]; see Nationwide Affinity Ins. Co. of Am. v Jamaica Wellness Med., P.C., 167 AD3d 192 [2018]). While this failure has been termed "a breach of a condition precedent to coverage under the no-fault policy" (Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC, 82 AD3d 559, 560 [2011]; see Quality Health Supply Corp. v Nationwide Ins., 2020 NY Slip Op 51226[U]), it is more appropriately characterized as a "breach of an existing policy condition" (Nationwide Affinity Ins. Co. of Am. v Jamaica Wellness Med., P.C., 167 AD3d at 197). It would be contrary to 11 NYCRR 65-3.8 (a) (1), and, in effect, render that paragraph a nullity, if, as plaintiff suggests, a no-show defense were to expire 30 days after the second nonappearance—in this instance, defendant's time to pay [*3]or deny the February 13, 2015 claims would have expired well before the 30 days permitted by the regulations. Indeed, under plaintiff's interpretation, an eligible injured person and his or her assignees could simply wait 30 days after failing to appear to submit any new claims, and the insurer would then be prohibited from denying those claims based upon the nonappearance.
To the extent that plaintiff argues that a failure to timely deny any one claim based upon a nonappearance at an EUO or 
independent medical examination (IME) once that defense has accrued constitutes a waiver of the right to thereafter assert that defense as to any and all subsequent claims submitted upon the same covered event, that argument is without merit. In other words, defendant's failure to timely deny the November 26, 2014 claim based on the January 22, 2015 nonappearance was not a waiver of defendant's right to timely deny, as it did, the February 13, 2015 claims based upon the same prior nonappearance (see ARCO Med. N.Y., P.C. v Lancer Ins. Co., 2011{**74 Misc 3d at 21}  NY Slip Op 52382[U]). Each such claim is treated on an individual basis (cf. Shtarkman v Allstate Ins. Co., 8 Misc 3d 129[A], 2005 NY Slip Op 51028[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2005] [a "blanket" or "general" denial purporting to deny all future claims does not constitute a valid denial of any subsequent claim]; A&S Med. v Allstate Ins. Co., 196 Misc 2d 322 [App Term, 1st Dept 2003], affd 15 AD3d 170 [2005]). We note that, in this respect, EUO and IME nonappearances are treated differently from the failure to provide requested written verification, which is only a proper basis for the denial of claims for which the written verification was specifically requested and cannot, based on the regulations and the case law, be asserted as a basis for a denial of any subsequently submitted claim (see 11 NYCRR 65-3.8 [b] [3]; see generally Shtarkman v Allstate Ins. Co., 2005 NY Slip Op 51028[U]; A&S Med. v Allstate Ins. Co., 196 Misc 2d 322 [2003]).
Accordingly, the order is modified by providing that the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon the claim in the sum of $1,314 submitted on November 26, 2014, is denied.
Aliotta, P.J., Weston and Toussaint, JJ., concur.