Psychology After Acc., P.C. v Nationwide Ins. Co. of N.Y. (2022 NY Slip Op
50366(U))

[*1]

Psychology After Acc., P.C. v Nationwide Ins. Co. of N.Y.

2022 NY Slip Op 50366(U) [75 Misc 3d 127(A)]

Decided on May 6, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 6, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, CHERE� A. BUGGS,
JJ

2020-923 K C

Psychology After Accident, P.C., as
Assignee of Timothy Jenkins Simmons, Bianca Lawrence, Yolanda Drouillard, Maria Gonzalez
and Mercedes Gonzalez, Respondent,
against
Nationwide Insurance Company of New York, Appellant.

Hollander Legal Group, P.C. (Allan S. Hollander of counsel), for appellant.
Zara Javakov, Esq., P.C. (Victoria Tarasova of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Matthew P.
Blum, J.), entered February 18, 2020. The order denied defendant's motion for summary
judgment dismissing the complaint and granted plaintiff's cross motion for summary
judgment.

ORDERED that the order is modified by providing that plaintiff's cross motion for summary
judgment is denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals from an order of the Civil Court denying defendant's motion which had sought summary
judgment dismissing the complaint on the ground that plaintiff had failed to appear for duly
scheduled examinations under oath (EUOs), and granting plaintiff's cross motion for summary
judgment.
Contrary to defendant's contention, defendant failed to establish that it had timely denied
plaintiff's claims after plaintiff failed to appear at two duly scheduled EUOs (see Island Life Chiropractic Pain Care,
PLLC v 21st Century Ins. Co., 74 Misc 3d 17 [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2021]; Quality Health Supply
Corp. v Nationwide Ins., 69 Misc 3d 133[A], 2020 NY Slip Op 51226[U] [App Term,
2d Dept, 2d, 11th & 13th Jud Dists 2020]). As defendant did not demonstrate that it was not
precluded from raising its proffered defense (see [*2]Westchester Med. Ctr. v Lincoln
Gen. Ins. Co., 60 AD3d 1045 [2009]), defendant's motion for summary judgment
dismissing the complaint was properly denied.
Plaintiff failed to demonstrate its prima facie entitlement to summary judgment, as the proof
submitted in support of its cross motion failed to establish either that the claims at issue had not
been timely denied or that defendant had issued timely denial of claim forms that were
conclusory, vague, or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d
1168 [2010]; Ave T MPC Corp. v
Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order is modified by providing that plaintiff's cross motion for summary
judgment is denied.
ALIOTTA, P.J., WESTON and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 6, 2022