Clear Water Psychological Servs., P.C. v Mid-Century Ins. Co. (2022 NY Slip Op
50621(U))

[*1]

Clear Water Psychological Servs., P.C. v Mid-Century Ins.
Co.

2022 NY Slip Op 50621(U) [75 Misc 3d 143(A)]

Decided on July 1, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 1, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, CHEREÉ A.
BUGGS, JJ

2021-149 K C

Clear Water Psychological Services, P.C.,
as Assignee of Cesar Caamano, Respondent, 
against
Mid-Century Ins. Co., Appellant. 

Law Offices of Buratti, Rothenberg & Burns (Konstantinos Tsirkas of counsel), for
appellant.
Kopelevich & Feldsherova, P.C. (David Landfair of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Sandra E.
Roper, J.), dated March 19, 2021. The order, insofar as appealed from, denied the branch of
defendant's motion seeking summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved
to amend the caption and for summary judgment dismissing the complaint on the ground that
plaintiff's assignor had failed to appear for duly scheduled examinations under oath (EUOs).
Defendant appeals from so much of an order of the Civil Court as denied the branch of
defendant's motion seeking summary judgment dismissing the complaint.
Defendant scheduled EUOs after receipt of the claims at issue here. To establish its prima
facie entitlement to summary judgment dismissing the complaint, defendant had to demonstrate,
as a matter of law, that it twice duly demanded an EUO, that the assignor twice failed to appear,
and that defendant issued a timely denial as to each claim after the second failure to appear (see Interboro Ins. Co. v Clennon, 113
AD3d 596 [2014]; Quality Health
[*2]Supply Corp. v Nationwide Ins., 69 Misc 3d 133[A],
2020 NY Slip Op 51226[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]).
In its motion, defendant set forth three scheduled EUO dates: June 8, 2018, June 25, 2018
and July 10, 2018. Defendant's motion papers assert that the June 8, 2018 EUO was mutually
rescheduled, which, if such rescheduling "occur[red] prior to the date of the scheduled EUO,
does not constitute a failure to appear" (Five Boro Psychological Servs., P.C. v Utica Mut.
Ins. Co., 41 Misc 3d 140[A], 2013 NY Slip Op 52005[U], *1 [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2013]). However, defendant failed to demonstrate that fact as a matter of
law (cf. Sovereign Acupuncture, P.C. v
American Commerce Ins. Co., 56 Misc 3d 132[A], 2017 NY Slip Op 50922[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). Indeed, defendant's denial of claim forms
list all three dates as failures to appear. As defendant denied the claims on July 27, 2018, more
than 30 days after June 25, 2018, the second scheduled EUO date (see 11 NYCRR 65-3.8
[c]), and as defendant did not establish that the first EUO had been mutually rescheduled, an
issue of fact remains as to whether defendant's denials were timely and, thus, whether defendant
is precluded from interposing its defense that plaintiff's assignor failed to appear for duly
scheduled EUOs (see Westchester Med.
Ctr. v Lincoln Gen. Ins. Co., 60 AD3d 1045 [2009]).
Accordingly, the order, insofar as appealed from, is affirmed.
WESTON, J.P., TOUSSAINT and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 1, 2022