Hands On Physical Therapy Care v Nationwide Ins. (2022 NY Slip Op
50797(U))

[*1]

Hands On Physical Therapy Care v Nationwide Ins.

2022 NY Slip Op 50797(U) [76 Misc 3d 129(A)]

Decided on August 12, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 12, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, CHEREÉ A.
BUGGS, JJ

2021-327 K C

Hands On Physical Therapy Care, as
Assignee of Neale, Tracy, Appellant,
against
Nationwide Ins., Respondent. 

The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel), for appellant.
Hollander Legal Group, P.C. (Allan S. Hollander of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Patria
Frias-Colón, J.), dated April 15, 2021. The order granted defendant's motion for summary
judgment dismissing the complaint and denied plaintiff's cross motion for summary
judgment.

ORDERED that the order is modified by providing that the branches of defendant's motion
seeking summary judgment dismissing the first through third causes of action are denied; as so
modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals
from an order of the Civil Court granting defendant's motion for summary judgment dismissing
the complaint on the ground that plaintiff failed to appear for duly scheduled examinations under
oath (EUOs), and denying plaintiff's cross motion for summary judgment.
Plaintiff argues that defendant failed to deny the claims underlying the first through fourth
causes of action within 30 days of the second EUO nonappearance and that, as to all seven causes
of action, defendant's mailing affidavits did not set forth practices and procedures sufficient to
demonstrate proper mailing of the EUO scheduling letters and denial of claim forms on the dates
alleged.
Plaintiff correctly argues that defendant failed to establish that it timely denied the claims
underlying the first through third causes of action within 30 days of the second EUO
nonappearance (see Island Life
Chiropractic Pain Care, PLLC v 21st Century Ins. Co., 74 Misc 3d 17 [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2021]; Quality Health Supply Corp. v Nationwide Ins., 69 Misc 3d
133[A], 2020 NY Slip Op 51226[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2020]). However, plaintiff failed to demonstrate its prima facie entitlement to summary judgment
on those causes of action, as the proof submitted in support of its cross motion failed to establish
that the claims had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d
498 [2015]) or that defendant had issued timely denial of claim forms that were conclusory,
vague, or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d
1168 [2010]; Ave T MPC Corp. v
Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2011]).
With respect to the fourth through seventh causes of action, the proof submitted by defendant
was sufficient to give rise to a presumption that the EUO scheduling letters and denial of claim
forms had been properly mailed on the dates alleged (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50
AD3d 1123 [2008]). 
Finally, with respect to the fourth cause of action, the record establishes that a letter had been
mailed on March 28, 2018 scheduling an EUO for April 28, 2018. The resulting toll applied to
the claim underlying the fourth cause of action, which claim defendant had received on April 6,
2018 (see ARCO Med. NY, P.C. v
Lancer Ins. Co., 34 Misc 3d 134[A], 2011 NY Slip Op 52382[U] [App Term, 2d Dept,
2d, 11tth & 13th Jud Dists 2011]). A follow-up letter was then timely mailed on April 30,
2018, scheduling an EUO for May 25, 2018. Thus, defendant's June 5, 2018 denial of that claim
was timely (see id.; see also PV
Holding Corp. v AB Quality Health Supply Corp., 189 AD3d 645 [2020]).
Accordingly, the order is modified by providing that the branches of defendant's motion
seeking summary judgment dismissing the first through third causes of action are denied.
WESTON, J.P., TOUSSAINT and BUGGS, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 12, 2022