NGM Acupuncture, P.C. v Nationwide Ins. Co. (2022 NY Slip Op
51271(U))

[*1]

NGM Acupuncture, P.C. v Nationwide Ins. Co.

2022 NY Slip Op 51271(U) [77 Misc 3d 135(A)]

Decided on December 2, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 2, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT,
CHEREÉ A. BUGGS, JJ

2021-322 Q C

NGM Acupuncture, P.C., as
Assignee of Paulette Blake, Appellant, 
against
Nationwide Insurance Company, Respondent.

Law Offices of Gabriel & Moroff, P.C. (Jason Moroff and Matthew Sledzinsky of
counsel), for appellant.
Hollander Legal Group, P.C. (Allan S. Hollander of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County
(Claudia Lanzetta, J.), dated June 15, 2021. The order, insofar as appealed from, granted
the branches of defendant's motion seeking summary judgment dismissing the first, fifth,
and seventh causes of action.

ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff
appeals from so much of an order of the Civil Court as granted the branches of
defendant's motion seeking summary judgment dismissing the first, fifth, and seventh
causes of action on the ground that plaintiff had failed to appear for duly scheduled
examinations under oath (EUOs).
Contrary to plaintiff's contention, the claims underlying the fifth and seventh causes
of action were timely denied, as these claims were denied within 30 days of defendant's
receipt thereof (see Island Life
Chiropractic Pain Care, PLLC v 21st Century Ins. Co., 74 Misc 3d 17 [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]). Plaintiff also asserts that the claim
underlying the first cause of action was not timely denied. However, an initial EUO had
been [*2]scheduled before defendant received this claim;
therefore, defendant's time to pay or deny this claim was tolled when this claim was
received (see ARCO Med. NY,
P.C. v Lancer Ins. Co., 34 Misc 3d 134[A], 2011 NY Slip Op 52382[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Further, as defendant timely
scheduled a follow-up EUO after plaintiff failed to appear for the initial EUO,
defendant's time to pay or deny the claim remained tolled (see 11 NYCRR 65-3.6
[b]). Consequently, defendant's subsequent denial of this claim, which was issued within
30 days of the second nonappearance, was timely (see Island Life Chiropractic Pain
Care, PLLC, 74 Misc 3d 17; Quality Health Supply Corp. v Nationwide Ins., 69 Misc 3d
133[A], 2020 NY Slip Op 51226[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2020]).
Accordingly, the order, insofar as appealed from, is affirmed.
ALIOTTA, P.J., TOUSSAINT and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 2,
2022