FJL Med. Servs., P.C. v Nationwide Ins. (2022 NY Slip Op
51213(U))

[*1]

FJL Med. Servs., P.C. v Nationwide Ins.

2022 NY Slip Op 51213(U) [77 Misc 3d 129(A)]

Decided on December 9, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 9, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT,
CHEREÉ A. BUGGS, JJ

2021-473 K C

FJL Medical Services, P.C., as
Assignee of McTaggart, Roland F., Appellant,
against
Nationwide Ins., Respondent. 

The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel), for appellant.
Hollander Legal Group, P.C. (Allan S. Hollander of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County
(Odessa Kennedy, J.), entered August 3, 2021. The order granted defendant's motion for
summary judgment dismissing the complaint and denied plaintiff's cross motion for
summary judgment.

ORDERED that the order is modified by providing that defendant's motion for
summary judgment dismissing the complaint is denied; as so modified, the order is
affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff
appeals from an order of the Civil Court granting defendant's motion for summary
judgment dismissing the complaint on the ground that plaintiff failed to appear for duly
scheduled examinations under oath (EUOs), and denying plaintiff's cross motion for
summary judgment. Plaintiff argues on appeal that defendant failed to establish that it
timely denied the claim at issue. 
After receipt of the claim, defendant scheduled EUOs to be held on January 8, 2018,
March 20, 2018, May 23, 2018 and July 12, 2018; plaintiff did not appear on any of
those dates. Shortly before each scheduled date, plaintiff sent defendant a letter,
essentially stating that plaintiff would not be able to attend until an unspecified time
months later and, among other [*2]things, improperly
demanding $3,500 as up-front reimbursement for its travel expenses and time (see MSB Physical Therapy, P.C. v
Nationwide Ins., 76 Misc 3d 131[A], 2022 NY Slip Op 50902[U] [App Term,
2d Dept, 2d, 11th & 13th Jud Dists 2022]; Parisien v Travelers Ins. Co., 75 Misc 3d 143[A], 2022 NY
Slip Op 50622[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]).
Defendant sent letters back to plaintiff stating, among other things, that defendant would
or had placed a statement on the record documenting plaintiff's "default" in appearing on
each scheduled date.
In a letter to defendant's attorney dated June 28, 2018, plaintiff's attorney claimed
that there were "no EUO 'no-show' dates" because it had "duly request[ed]"
adjournments. On July 17, 2018, defendant's attorney sent a letter in response that stated
that plaintiff had "failed to appear for EUOs on January 8, 2018, March 20, 2018, May
23, 2018 and July 12, 2018." On July 19, 2018, defendant denied the claim on the
ground, among others, that plaintiff had failed "to submit to the [EUO] scheduled for
01/08/2018, 03/20/2018, 05/23/2018 and 07/12/2018." 
Although defendant's July 19, 2018 denial was issued well after 30 days had passed
from plaintiff's second nonappearance on March 20, 2018 (see Quality Health Supply Corp. v
Nationwide Ins., 69 Misc 3d 133[A], 2020 NY Slip Op 51226[U] [App Term,
2d Dept, 2d, 11th & 13th Jud Dists 2020]), defendant's position is that its denial was
nonetheless timely. Defendant notes in its brief that, under the no-fault regulations,
insurers are not to treat their insureds in an adversarial fashion (see 11 NYCRR
65-3.2 [b]), and argues that it was abiding by that principle in accommodating plaintiff
by offering "additional opportunities to appear in accordance with plaintiff's own
requests" (emphasis in original). Thus, defendant contends, the facts herein are
distinguishable from Quality Health Supply Corp. (2020 NY Slip Op 51226[U])
and defendant should not be "penalized" for attempting to work with plaintiff. Moreover,
defendant argues, the regulations do not restrict the number of EUOs an insurer may
seek.
While we agree that there is nothing in the no-fault regulations preventing an insurer
from offering a claimant more than two opportunities to appear for an EUO, that issue is
distinct from whether an insurer has properly continued a toll of its time to pay or deny a
particular claim (see 11 NYCRR 65-3.6 [b]). Although plaintiff had informed
defendant before each scheduled EUO date that it would not appear, defendant does not
claim that it had agreed to reschedule any of the EUOs, which rescheduling would not
constitute a failure to appear (see Five Boro Psychological Servs., P.C. v Utica Mut.
Ins. Co., 41 Misc 3d 140[A], 2013 NY Slip Op 52005[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2013]). Instead, defendant placed a statement on the record
for each date documenting the nonappearance, told plaintiff by letter that it had "failed to
appear for EUOs on January 8, 2018, March 20, 2018, May 23, 2018 and July 12, 2018,"
and based its denial on plaintiff's failure "to submit to the [EUO] scheduled for
01/08/2018, 03/20/2018, 05/23/2018 and 07/12/2018." Indeed, in its brief, defendant
states that it is not arguing "that one or more of the EUO no-shows should 'not count.' "
While defendant characterizes this as seeking to accommodate plaintiff, an insurer cannot
indefinitely extend its toll of the time to pay or deny a claim after a second
nonappearance at a scheduled EUO by scheduling successive additional EUOs until the
insurer unilaterally decides that it has offered enough opportunities to appear and [*3]end its toll. 
Thus, plaintiff correctly argues that defendant's motion should have been denied, as
defendant failed to establish that it timely denied the claim at issue (see Island Life Chiropractic Pain
Care, PLLC v 21st Century Ins. Co., 74 Misc 3d 17 [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2021]; Quality Health Supply Corp., 2020 NY Slip
Op 51226[U]) and, therefore, defendant has not established that it is not precluded from
raising plaintiff's nonappearance at duly scheduled EUOs as a defense (see Westchester Med. Ctr. v
Lincoln Gen. Ins. Co., 60 AD3d 1045 [2009]).
Contrary to plaintiff's further contention, plaintiff failed to demonstrate its prima
facie entitlement to summary judgment, as the affidavit plaintiff submitted in support of
its cross motion failed to establish that the claim at issue had not been timely denied (see Viviane Etienne Med. Care,
P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had
issued a timely denial of claim form that was conclusory, vague or without merit as a
matter of law (see Westchester
Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins.
Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2011]).
Accordingly, the order is modified by providing that defendant's motion for summary
judgment dismissing the complaint is denied.
WESTON, J.P., TOUSSAINT and BUGGS, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 9,
2022