Ezra Supply, Inc. v Nationwide Affinity Ins. Co. of Am. (2022 NY Slip Op 22383)

Ezra Supply, Inc. v Nationwide Affinity Ins. Co. of Am.

2022 NY Slip Op 22383 [77 Misc 3d 15]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, March 1, 2023

[*1]

Ezra Supply, Inc., as Assignee of Samira Bowens, Respondent,
v
Nationwide Affinity Ins. Co. of America, Appellant.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, December 9, 2022

APPEARANCES OF COUNSEL

Hollander Legal Group, P.C. (Allan S. Hollander and Jennifer B. Ettenger of counsel) for appellant.
Kopelevich & Feldsherova, P.C. (David Landfair of counsel) for respondent.

{**77 Misc 3d at 16} OPINION OF THE COURT

Memorandum.

Ordered that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from so much of an order of the Civil Court as denied defendant's motion which had sought summary judgment dismissing the complaint on the ground that plaintiff's assignor had failed to appear for duly scheduled examinations under oath (EUOs).
Contrary to defendant's contention on appeal, defendant's motion failed to establish that defendant had timely denied plaintiff's claims after plaintiff's assignor failed to appear at both an initial and a follow-up EUO (see Island Life Chiropractic Pain Care, PLLC v 21st Century Ins. Co., 74 Misc 3d 17 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; Quality Health Supply Corp. v Nationwide Ins., 69 Misc 3d 133[A], 2020 NY Slip Op 51226[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]). Upon receipt of the claim forms at issue on March 18, [*2]2018, the first EUO was scheduled, by letter sent to assignor's counsel on March 26, 2018, for April 9, 2018. Neither the assignor nor her counsel appeared on April 9, 2018. On April 12, 2018, defendant sent a letter scheduling the "final date" for the EUO for May 8, 2018. Neither the assignor nor her counsel appeared on May 8, 2018. On May 10, 2018, defendant sent a letter scheduling an EUO for June 6, 2018. The assignor did not appear, but apparently on that day, defendant received a call from the assignor's counsel, asking for the EUO to be scheduled for June 13, 2018. On June 7, 2018, defendant sent a letter scheduling an EUO for June 13, 2018. On June{**77 Misc 3d at 17} 13, 2018, the assignor again did not appear. For each of these four scheduled dates, defendant's counsel put a statement on the record documenting the nonappearance. On June 23, 2018, defendant issued a denial of the relevant claims, which denial states, "The claimant failed to attend an [EUO] scheduled on 4/9/18, 5/8/18, 6/6/18 and 6/13/18, which is a breach of the above policy condition . . . ." Defendant argues on appeal that this denial was timely because it was issued within 30 days of the June 13, 2018 failure to appear.
A no-fault claim must be paid or denied "within 30 calendar days after the insurer receives proof of claim" (11 NYCRR 65-3.8 [a] [1]; see e.g. New York & Presbyt. Hosp. v Allstate Ins. Co., 31 AD3d 512 [2006]), which period may be tolled by timely and proper requests for verification, including an EUO request. Here, defendant properly commenced a toll of its time to pay or deny these claims by sending an EUO scheduling letter within 15 business days of its receipt of the claim forms (see 11 NYCRR 65-3.5 [b]).[FN*] Defendant also properly continued the toll by sending a follow-up letter within 10 days of the April 9, 2018 failure to appear, giving the assignor a second opportunity to provide the requested EUO on May 8, 2018 (see 11 NYCRR 65-3.6 [b]). The assignor did not appear on May 8, 2018. As we have held before,
"[w]here, as here, no other verification request is outstanding, the 30-day period for an insurer to pay or deny a claim (see 11 NYCRR 65-3.8 [a] [1]) based upon a failure to appear for an EUO begins to run on the date of the second EUO nonappearance, when an insurer is permitted to conclude that there was a failure to comply with a condition precedent to coverage" (Quality Health Supply Corp. v Nationwide Ins., 69 Misc 3d 133[A], 2020 NY Slip Op 51226[U], *1-2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020] [citation omitted][*3][Quality]).
In view of the foregoing, once the assignor failed to appear on{**77 Misc 3d at 18} May 8, 2018, defendant's 30-day time period to pay or deny the claims at issue began to run, making defendant's deadline to pay or deny those claims June 7, 2018.
In spite of the rule set forth in Quality, defendant argues that its June 23, 2018 denial was timely. Defendant notes that, under the no-fault regulations, insurers are not to treat their insureds in an adversarial fashion (see 11 NYCRR 65-3.2 [b]). Defendant asserts that it was acting in good faith in scheduling a third EUO due to confusion as to the date of the first EUO and that the fourth EUO was scheduled at the request of the assignor's counsel. Thus, defendant contends, the facts herein are distinguishable from Quality. In any event, defendant argues, it should not be limited to offering a claimant only two opportunities to appear for an EUO.
While we agree that there is nothing in the no-fault regulations preventing an insurer from offering a claimant more than two opportunities to appear for an EUO, that issue is distinct from whether an insurer has properly continued a toll of its time to pay or deny a particular claim (see 11 NYCRR 65-3.6 [b]). For example, had the assignor appeared on June 6, 2018, the third scheduled date, or June 13, 2018, the fourth scheduled date, defendant could have properly conducted the EUO. However, the toll of defendant's time to pay or deny the claims at issue ended on May 8, 2018, when the assignor failed to appear for the second scheduled EUO, and any denial based upon a precludable defense—like the defense that the assignor failed to appear for duly scheduled EUOs—would have had to have been issued by June 7, 2018, in order to be timely.
Neither the May 10, 2018 letter scheduling the EUO for June 6, 2018, nor the June 7, 2018 letter scheduling the EUO for June 13, 2018, continued the toll because the no-fault regulations only contemplate one follow-up request for verification (see 11 NYCRR 65-3.6 [b]) and that follow-up request was made on April 12, 2018, in a letter that scheduled a "final date" for the EUO for May 8, 2018. Once the assignor's second and "final" opportunity to appear for an EUO was scheduled for May 8, 2018, to further toll defendant's time to pay or deny the claims past June 7, 2018, the parties could have rescheduled that examination for a later date (see Progressive Health Chiropractic, P.C. v American Tr. Ins. Co., 55 Misc 3d 142[A], 2017 NY Slip Op 50603[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; Five Boro Psychological Servs., P.C. v Utica Mut. Ins. Co., 41 Misc 3d 140[A], 2013 NY Slip Op 52005[U] [App{**77 Misc 3d at 19} Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; see also Nationwide Affinity Ins. Co. of Am. v George, 183 AD3d 755 [2020]). However, rather than claiming that there was a rescheduling of a scheduled EUO that would have continued the toll past June 7, 2018, defendant clearly treated each of the four scheduled EUOs as a nonappearance, choosing to deny the claim after the fourth one. The no-fault regulations do not permit an insurer to indefinitely extend the toll to pay or deny a claim beyond a second nonappearance by scheduling successive additional EUOs and then arbitrarily choosing when to end its toll.
As defendant has not demonstrated that its June 23, 2018 denial was timely, it has not established that it is not precluded from raising the assignor's nonappearance at duly scheduled EUOs as a defense (see Westchester Med. Ctr. v Lincoln Gen. Ins. Co., 60 AD3d 1045 [2009]). [*4]Thus, its motion for summary judgment dismissing the complaint was properly denied.
Accordingly, the order, insofar as appealed from, is affirmed.
Aliotta, P.J., Weston and Buggs, JJ., concur.

Footnotes

Footnote *:Indeed, here defendant had initially sent a letter on March 12, 2018, prior to receiving the claims at issue, which letter scheduled an EUO for April 8, 2018. Upon realizing that April 8, 2018, was a Sunday, defendant sent the March 26, 2018 letter changing the date of the EUO to April 9, 2018. It is noted that the March 12, 2018 pre-claim EUO scheduling letter was also sufficient to commence a toll for the bills subsequently received on March 18, 2018 (see ARCO Med. N.Y., P.C. v Lancer Ins. Co., 34 Misc 3d 134[A], 2011 NY Slip Op 52382[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).