MSB Physical Therapy v Nationwide Ins. (2022 NY Slip Op
51381(U))

[*1]

MSB Physical Therapy v Nationwide Ins.

2022 NY Slip Op 51381(U) [77 Misc 3d 140(A)]

Decided on December 23, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 23, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2021-622 K C

MSB Physical Therapy, as Assignee
of Crawford, Rayisha, Appellant, 
against
Nationwide Ins., Respondent. 

The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel), for appellant.
Hollander Legal Group, P.C. (Allan S. Hollander of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County
(Odessa Kennedy, J.), entered July 29, 2021. The order granted defendant's motion for
summary judgment dismissing the complaint and denied plaintiff's cross motion for
summary judgment.

ORDERED that the order is modified by providing that defendant's motion for
summary judgment dismissing the complaint is denied; as so modified, the order is
affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff
appeals from an order of the Civil Court granting defendant's motion for summary
judgment dismissing the complaint on the ground that plaintiff had failed to appear for
duly scheduled examinations under oath (EUOs), and denying plaintiff's cross motion for
summary judgment.
Plaintiff correctly argues that defendant's motion failed to establish that defendant
had timely denied plaintiff's claims after plaintiff's assignor had allegedly failed to appear
at both an initial and a follow-up EUO (see Ezra Supply, Inc. v Nationwide Affinity
Ins. Co. of Am., — Misc 3d —, 2022 NY Slip Op 22383 [App Term,
2d Dept, 2d, 11th & 13th Jud Dists 2022]; FJL Med. Servs., P.C. v Nationwide
Ins., — Misc 3d —, 2022 NY Slip Op 51213[U] [App Term, 2d Dept,
2d, 11th & 13th Jud Dists 2022]; Island Life Chiropractic Pain Care, PLLC v 21st Century Ins.
Co., 74 Misc 3d 17 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021];
Quality Health Supply Corp. v
Nationwide Ins., 69 Misc 3d 133[A], 2020 NY Slip Op 51226[U] [App Term,
2d Dept, 2d, 11th & 13th Jud Dists 2020]). As defendant did not demonstrate that it
is [*2]not precluded from raising its proffered defense
(see Westchester Med. Ctr. v
Lincoln Gen. Ins. Co., 60 AD3d 1045 [2009]), defendant's motion for summary
judgment dismissing the complaint should have been denied. 
However, plaintiff failed to demonstrate its prima facie entitlement to summary
judgment, as the proof submitted in support of its cross motion failed to establish that the
claims had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co.,
25 NY3d 498 [2015]) or that defendant had issued timely denial of claim forms that
were conclusory, vague, or without merit as a matter of law (see Westchester Med. Ctr. v
Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins.
Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2011]).
Accordingly, the order is modified by providing that defendant's motion for summary
judgment dismissing the complaint is denied.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 23, 2022