Allstate Chiropractic, P.C. v Nationwide Affinity Ins. Co. of Am. (2023 NY Slip Op 50299(U))

[*1]

Allstate Chiropractic, P.C. v Nationwide Affinity Ins. Co. of Am.

2023 NY Slip Op 50299(U)

Decided on March 24, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 24, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., LISA S. OTTLEY, LOURDES M. VENTURA, JJ

2022-767 K C

Allstate Chiropractic, P.C., as Assignee of Nicholet Gant, Respondent, 
against
Nationwide Affinity Ins. Co. of America, Appellant. 

Hollander Legal Group , P.C. (Allan S. Hollander of counsel), for appellant.

Kopelevich & Feldsherova, P.C. (David Landfair of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Sharon Bourne-Clarke, J.), dated July 22, 2022. The order, insofar as appealed from, denied the branches of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon claims for services rendered April 10, 2018 through May 23, 2018.

ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs. 
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff failed to appear for duly scheduled examinations under oath (EUOs). In an order entered July 22, 2022, insofar as appealed from, the Civil Court denied the branches of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon claims for services rendered April 10, 2018 through May 23, 2018.
The Civil Court also found, in effect pursuant to CPLR 3212 (g), that defendant had established the proper mailing of the EUO scheduling letters and denial of claim forms, as well as plaintiff's failure to appear for EUOs scheduled on June 8, 2018 and September 14, 2018. The Civil Court further found that there was an issue of fact as to whether an EUO scheduled to be [*2]held between those dates, on July 13, 2018, was mutually rescheduled, and therefore whether defendant's September 17, 2018 denials of the claims for services rendered April 10, 2018 through May 23, 2018 were timely. In other words, defendant's entitlement to summary judgment is dependent upon whether plaintiff's second nonappearance at a scheduled EUO, triggering the requirement to pay or deny the claims within 30 days thereof (see Ezra Supply, Inc. v Nationwide Affinity Ins. Co. of Am., 77 Misc 3d 15 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]; FJL Med. Servs., P.C. v Nationwide Ins., 77 Misc 3d 129[A], 2022 NY Slip Op 51213[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]; Quality Health Supply Corp. v Nationwide Ins., 69 Misc 3d 133[A], 2020 NY Slip Op 51226[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]), occurred on July 13, 2018 or September 14, 2018. 
"A mutual rescheduling, which occurs prior to the date of the scheduled EUO, does not constitute a failure to appear" (Five Boro Psychological Servs., P.C. v Utica Mut. Ins. Co., 41 Misc 3d 140[A], 2013 NY Slip Op 52005[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; see Clear Water Psychological Servs., P.C. v Mid-Century Ins. Co., 75 Misc 3d 143[A], 2022 NY Slip Op 50621[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]; DVS Chiropractic, P.C. v Interboro Ins. Co., 36 Misc 3d 138[A], 2012 NY Slip Op 51443[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). In their appellate briefs, each party contended that the July 13, 2018 EUO was not mutually rescheduled, and the record reflects that, while plaintiff's counsel requested that it be rescheduled for September 14, 2018, defendant's counsel, instead of agreeing to such a request, proceeded with the scheduled July 13, 2018 EUO and placed a statement on the record documenting the nonappearance. Defendant's denial of claim forms were based, in part, on the failure of plaintiff to appear for the July 13, 2018 EUO. Thus, as the parties argue, the record establishes that the July 13, 2018 EUO was not mutually rescheduled.
Defendant contends that although its September 17, 2018 denials were issued well after 30 days had passed from plaintiff's second nonappearance on July 13, 2018 (see Quality Health Supply Corp. v Nationwide Ins., 2020 NY Slip Op 51226[U]), its denials were nonetheless timely. Defendant notes in its brief that, under the no-fault regulations, insurers are not to treat their insureds in an adversarial fashion (see 11 NYCRR 65-3.2 [b]), and argues that it was abiding by that principle because it accommodated plaintiff's request to schedule an EUO to be conducted on September 14, 2018. Thus, defendant contends, the facts herein are distinguishable from Quality Health Supply Corp. (2020 NY Slip Op 51226[U]). Defendant's argument has previously been considered by this court and rejected (see Ezra Supply, Inc. v Nationwide Affinity Ins. Co. of Am., 77 Misc 3d 15; FJL Med. Servs., P.C. v Nationwide Ins., 2022 NY Slip Op 51213[U]). 
As defendant has not demonstrated that its September 17, 2018 denials were timely, it has not established that it is not precluded from raising plaintiff's nonappearance at duly scheduled EUOs as a defense (see Westchester Med. Ctr. v Lincoln Gen. Ins. Co., 60 AD3d 1045 [2009]). Thus, the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon claims for services rendered April 10, 2018 through May 23, [*3]2018 was properly denied.
Accordingly, the order, insofar as appealed from, is affirmed.
BUGGS, J.P., and OTTLEY, J., concur.
VENTURA, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 24, 2023