MSB Physical Therapy, P.C. v Nationwide Ins. (2025 NY Slip Op 50830(U))

[*1]

MSB Physical Therapy, P.C. v Nationwide Ins.

2025 NY Slip Op 50830(U)

Decided on May 16, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 16, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREE A. BUGGS, LISA S. OTTLEY, JJ

2021-478 K C

MSB Physical Therapy, P.C., as Assignee of Bright, Sayquan U, Respondent,
against
Nationwide Ins., Appellant. 

Hollander Legal Group, P.C. (Allan S. Hollander of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Richard Tsai, J.), dated July 12, 2021. The order denied defendant's motion for summary judgment dismissing the complaint and granted plaintiff's cross-motion for summary judgment. Justices Buggs and Ottley have been substituted for former Justices Aliotta and Weston.

ORDERED that the order is reversed, with $30 costs, defendant's motion for summary judgment dismissing the complaint is granted, and plaintiff's cross-motion for summary judgment is denied.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from an order of the Civil Court which denied defendant's motion which had sought summary judgment dismissing the complaint on the ground that plaintiff failed to appear for duly scheduled examinations under oath (EUOs), and granted plaintiff's cross-motion for summary judgment.
Defendant demonstrated that a letter scheduling an initial EUO of plaintiff had been mailed before receipt of the claims at issue, and that defendant issued timely follow-up EUO scheduling requests after each failure to appear by plaintiff, thus tolling defendant's time to pay or deny the claims (see Stracar Med. Servs. v State Farm Mut. Auto. Ins. Co., 61 Misc 3d 150[A], 2018 NY Slip Op 51759[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; ARCO Med. NY, P.C. v Lancer Ins. Co., 34 Misc 3d 134[A], 2011 NY Slip Op 52382[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Defendant further established that plaintiff [*2]failed to appear for each of the scheduled EUOs, and that defendant then issued "timely and proper denial[s] of the claims following [plaintiff's] failure to appear at the last scheduled EUO" (Quality Health Supply Corp. v Nationwide Ins., 216 AD3d 1013, 1014 [2023], revg 69 Misc 3d 133[A], 2020 NY Slip Op 51226[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]). As plaintiff failed to raise a triable issue of fact in response to defendant's prima facie showing, defendant's motion should have been granted and plaintiff's cross-motion denied. 
Accordingly, the order is reversed, defendant's motion for summary judgment dismissing the complaint is granted, and plaintiff's cross-motion for summary judgment is denied.
The decision and order of this court dated December 23, 2022 (77 Misc 3d 140[A], 2022 NY Slip Op 51378[U]) is hereby recalled and vacated (see motion decided simultaneously herewith).
TOUSSAINT, P.J., BUGGS and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 16, 2025